# BISHOP *vs.* BLAIR.

[TRESPASS QUARE CLAUSUM FREGIT.]

1. *Error without injury in admission of illegal redundant evidence.*—The admission of evidence, which, though illegal, is simply redundant or superfluous, is, at most, error without injury.

2. *Jurisdiction of probate court to sell real estate.*—The probate court has no jurisdiction to order the sale of lands, for the purpose of division among a decedent's heirs-at-law or devisees, when the decedent had, at the time of his death, no title whatever to the land, either legal or equitable.

3. *When action lies between joint tenants.*—Where there has been no actual ouster, one joint tenant of land cannot maintain an action of trespass against his co-tenant.

4. *Husband's marital rights to wife's realty.*—The husband acquires, by the marriage, the right to use and occupy, during coverture, lands belonging to the wife, whether her title be governed by the "woman's law" or not.

5. *Estoppel by record, and by acts en pais.*—A decree of sale by the probate court, for the purpose of division among heirs or devisees, does not operate an estoppel against a party thereto, when the proceedings are void for want of jurisdiction in the court; nor is the party estopped, at law, from disputing the title of the purchaser, by the fact that he stood by and permitted the sale without objection, afterwards refused to let the purchaser surrender his purchase, received a part of the purchase-money in distribution, and subsequently bought from the purchaser a right of way over the land.

6. *Estoppel against tenant from denying landlord's title.*—An order of the commissioners' court, granting to the defendant a private right of way through the plaintiff's lands, does not estop the defendant, when sued for the commission of a trespass on lands outside the track of the private road, from disputing the plaintiff's title to the land.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JNO. GILL SHORTER.

THIS action was brought by Wesley Bishop, against William Blair, and was commenced in a justice's court. On the trial in the circuit court, as appears from the bill of exceptions, it was shown that the plaintiff and the defendant's wife were children of Mrs. Nancy Bishop, who was the widow and administratrix of William Bishop, deceased; that the land on which the alleged trespass was committed, was entered by Mrs. Bishop, after the death of her said husband, in her own name, but with funds belonging to the estate of her said husband; that it was afterwards sold, under an order of the probate court, on the petition of said administratrix, for the purpose of division among the parties interested under the decedent's will; that it was bought at the sale by the plaintiff, who afterwards paid the purchase-money, and received a deed from the administrator *de bonis non;* that the defendant was present at the sale, made no objection to it, refused to let the plaintiff relinquish his bid, and afterwards received from the administrator *de bonis non*, in right of his wife, a distributive share of the purchase-money paid by the plaintiff; that after the plaintiff had entered into the possession of the land under his purchase, the defendant instituted proceedings before the commissioners' court

of the county, and obtained a decree establishing for himself a private right of way through the said land; that he paid the damages assessed by the jury, and opened the road; and that he afterwards entered on the plaintiff's land, and cut up and carried off, after being warned by the plaintiff to desist from doing so, "a fallen timber tree which lay entirely outside the said road."

"The evidence above recited was introduced in the following order: The plaintiff first proved, that Mrs. Nancy Bishop entered the land in her own name, but with funds belonging to the estate of her deceased husband; then introduced the petition to the probate court, the order of sale, and the administrator's deed to the plaintiff, to prove title to the land; and then the record of the commissioners' court, showing the grant of a private road to the defendant, and the evidence tending to show the acts of the defendant in cutting up and removing the tree. The defendant then offered in evidence the deposition of Thomas O. Glasscock, the register of the land-office at Montgomery, for the purpose of showing an outstanding title, in connection with proof that defendant's wife was one of the children and heirs-at-law of Mrs. Nancy Bishop, who was shown by the testimony of said Glasscock to have entered the land. In rebuttal, the plaintiff read in evidence the will of William Bishop, deceased, and a deed of relinquishment by Mrs. Nancy Bishop to her children, and proved the manner and circumstances of the sale at which he had bid off the land; and it was admitted, that one of the children and heirs of Mrs. Nancy Bishop then was, and still is, a minor. The plaintiff then offered to prove, that Mrs. Bishop, executrix, after the death of her said husband, bought three negroes and some land, besides the forty-acre tract here in controversy, with the funds of said estate; that the land was sold in the same manner, and the defendant bid for one of the tracts; that the negroes were divided among the heirs, and that the defendant, in right of his wife, received one of them on said division. This evidence the court excluded, on the defendant's motion, as illegal and irrelevant; to which the plaintiff excepted."

The deposition of Glasscock was taken on interrogatories and cross interrogatories. He was asked to state, who entered at the land-office in Montgomery the tract of land here in controversy, and to whom a certificate or patent was issued; and to give copies of all entries in said land-office relating to the same. To each of these questions the plaintiff objected, when crossing the interrogatories, on the ground that they called for secondary and illegal evidence; and he renewed his objections when the deposition was offered on the trial. The court overruled the objections, and the plaintiff excepted.

"Upon the facts above recited, the plaintiff asked the court to instruct the jury—

"1. That if the defendant stood by, and witnessed the sale, and, after the land was bid off by plaintiff, objected to plaintiff's giving up the land, and afterwards accepted a part of the proceeds of sale in respect of his wife's interest in the land,—then the law presumes that the crier who sold the land was the agent of the defendant in that respect, and, in crying the land at the sale, and in knocking it down to the plaintiff, acted under the defendant's authority, and the defendant was bound by his act.

"2. That if the administrator, after a sale effected as supposed in the foregoing charge, with the knowledge and consent of the defendant, made and delivered to the plaintiff a deed to the land on which was the *locus in quo;* and if said deed was given in good faith, and accepted as passing title; and if the plaintiff, at the time of the trespass, held actual possession under said deed of a part of the land therein mentioned; and if the *locus in quo* was on the said land, and on the same forty-acre tract with the part so in actual possession, and defendant knew it when he committed the trespass complained of,—then plaintiff may well maintain this action.

"3. That if the plaintiff acquired the equitable title to the *locus in quo*, by the sale, partition of the proceeds, and other facts proved; and if the administrator's said deed covered the *locus in quo*, and was given and accepted in good faith as conveying title; and if the plaintiff entered under *bona-fide* color of title, and the defendant knew of

said deed, and that it covered the *locus in quo;* and if the plaintiff, at the committing of the tort in question, was in actual possession under said sale and deed of a part of the land covered by the deed; and if the *locus in quo* and the part so in plaintiff's actual possession were adjacent, and on the same forty-acre tract,—then the plaintiff had such title as enabled him to maintain trespass; and, if he has proved that defendant, against his remonstrance, cut up, carried away, and converted to his own use the body of the fallen tree, and said fallen tree was not obstructing defendant's road, and, before falling, did not stand in the road, then plaintiff must recover the damages proved.

"4. That if they believed from the evidence that Mrs. Nancy Bishop, the executrix, entered the land with the money of her testator's estate, and took the title to herself, and afterwards released all her estate and interest in the land to the heirs of the estate; and that an application was made by her, as executrix, to sell said lands for division, as part of her testator's estate; and that the defendant and the other heirs were parties to said proceedidgs in the probate court, and agreed and consented to said sale; and that defendant was present at the sale, consented thereto, refused to let plaintiff off from his purchase of said land at the sale, and received his part of the purchase-money for said land,—then, although the order of sale was void as a judicial proceeding, the title of the defendant passed by the sale to the plaintiff; and, if the defendant converted the tree to his own use, and not for the purpose of removing it as an obstruction to his road, he was a trespasser, and liable to the plaintiff.

"The court refused each of these charges, and instructed the jury, that one of the heirs, being a minor, could not be estopped by the facts proved from denying plaintiff's title; and that the minor not being estopped, the defendant and his co-heirs are not estopped."

The plaintiff excepted to the charge given, and to the refusal of the several charges asked; and he now assigns the same as error, together with the rulings of the court on the evidence.

Bishop v. Blair.

JEFF. BUFORD, for appellant.
PUGH & BULLOCK, with S. F. RICE, *contra*.

STONE, J.—We deem it unnecessary to announce any opinion on the various rulings of the circuit court, in reference to the deposition of Mr. Glasscock. The whole purpose and effect of that deposition was to prove a single fact—namely, that Mrs. Nancy Bishop had, herself, and in her own name, purchased from the 'government the land on which the alleged trespass was committed. This fact had been proved by the plaintiff, before the deposition of Mr. Glasscock was offered by the defendant. The bill of exceptions states the order in which the evidence was adduced. The language is, "The plaintiff first proved that Nancy Bishop entered the land with funds of the estate, and in her own name." The testimony, then, tending, as it did, only to prove a fact which had been previously proved by the plaintiff, could not have injured the plaintiff.—Shep. Dig. 568, § 90.

[2.] The legal title to the land was first in Mrs. Bishop. William Bishop, her husband and the testator, had, at the time of his death, no claim to the land, either legal or equitable. It was purchased from the government after his death. This being the case, the probate court had no jurisdiction to order its sale, under a petition which alleged thst it was of the estate of the said William Bishop. Pettit v. Pettit, 32 Ala. 288; Cothran v. McCoy, 33 *ib*. 65; Johnson v. Collins, 12 *ib*. 322; McCain v. McCain, *ib*. 510.

[3.] The title to the land having been in Mrs. Bishop, it passed to her heirs-at-law, either by her deed copied in the record, or by descent on her death. The plaintiff, Wesley Bishop, and Mrs. Blair, the wife of defendant, are two of the children and heirs-at-law of Mrs. Nancy Bishop. They each took, as joint tenants, an interest in the land in controversy. This being the case, if their title remains as it was at her death, neither can maintain the action of trespass against the other, because there has been no actual ouster.—1 Chit. Pl. 79.

[4.] Mrs. Blair, being joint tenant with her brother, Wesley Bishop, it is clear, whether her title be governed

by the woman's law or not, that her husband, Mr. Blair, acquired by his marriage the right to use and occupy her lands during the coverture.—Code, § 1983; Cheek v. Waldrum, 25 Ala. 152; Neill v. Johnson, 11 ib. 615.

[5.] It is contended for appellant, that Mr. Blair is estopped from disputing the title of Wesley Bishop—1st, by the decree of sale in the probate court, to the record of which he and his wife were parties; 2d, by standing by and permitting the sale, by refusing to let Wesley Bishop surrender his purchase, by receiving a part of the purchase-money in distribution, and by paying Wesley Bishop for a right of way over said land. The authorities cited above show, that the proceedings of the probate court were void, and hence there is nothing in this first objection. We will not now decide whether the acts *cn pais* do not amount to an estoppel. If, however, they do, such estoppel can only be invoked in equity, and does not confer on Mr. Bishop any higher legal title than he at first owned.—See McPherson v. Walters, 16 Ala. 714; Smith v. Mundy, 18 ib. 182; Hopper v. McWhorter, ib. 229.

[6.] We need not inquire, whether the order granting the private road was void; or, if void, whether that fact would clothe the landlord with the immunity with which landlords are usually clothed—namely, the right to hold their tenants estopped from disputing the title under which they entered.—See Sadler v. Langham, 34 Ala. 311; and Crommelin v. Thiess, 31 Ala. 412. Such estoppel, if it apply, can only be co-extensive with the possession received. In this case, Mr. Blair received only a right of way; and, under the order of the court of county commissioners, his possession was limited to the mere road track, and there only as an easement, or right of way. It gave him no right to anything outside, or to occupy the land beyond the track of the road. In fact, we do not understand the appellant as controverting this proposition. His right to maintain this suit depends on his ability to maintain the proposition, that Mr. Blair's right of way did not confer on him the right to remove the timber tree. The bill of exceptions informs us, that the trunk of the tree, which was removed by Mr. Blair, lay outside of the

road-track. The *gravamen* of the present action is for breaking and entering the plaintiff's close. Conceding the validity of the order under which Mr. Blair acquired the right of way from Mr. Bishop, the argument is, that the former, entering under the latter, is estopped from disputing his paramount right. However weighty this argument might be, if the trespass complained of had been committed within the boundaries of the road-track, we are satisfied it can exert no influence beyond those boundaries. The trespass, if one was committed, was on plaintiff's close, outside of the road-track. As to this, Mr. Blair did not hold under Mr. Bishop, and he is, consequently, not estopped from disputing his title.

The charges asked and refused are in conflict with these views, and the court did not err in refusing to give them. The affirmative charge given could not possibly affect the plaintiff prejudicially.

Judgment of the circuit court affirmed.