## WHITE *vs.* HUTCHINGS.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Proof of ancient deed.*—A deed, more than thirty years old, and unblemished by alterations, is admissible in evidence without proof of execution, the subscribing witnesses being presumed to be dead; and its admissibility does not depend on the sufficiency of the certificate of its acknowledgment.

2. *Presumption of proof or acknowledgment of deed from lapse of time; admissibility of record copy.*—After the lapse of twenty years, it will be presumed that a deed, which is shown to have been recorded in the proper office, and in the proper county, was legally proved or acknowledged, and that the proper certificate of its proof or acknowledgment was written on or under it; and a transcript from the record, in such case, will be admissible evidence, (Code, § 1275,) when the facts in proof raise the presumption that the original deed, if not lost or destroyed, is not in the custody, or under the control, of the party who offers the evidence. (*Per* JUDGE, J.)

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JNO. GILL SHORTER.

THIS action was brought by Mrs Elizabeth White, against Stephen Hutchings, to recover a lot in the city of Montgomery, which is described in the deed hereinafter copied.

Pending the appeal in this court, the transcript was lost, and a *certiorari* was awarded to bring up a new record; and the original papers in the court below, except the bill of exceptions, having also been lost, the following agreement, between the counsel of the respective parties, was entered of record in this court: "It is agreed in this cause, that the suit was brought in the circuit court of Montgomery, according the form prescribed in the Code, to recover possession of the realty in the bill of exceptions specified. It is further agreed, that the cause be submitted on the case made by the bill of exceptions, and that all defects of the record be waived."

The bill of exceptions is in the following words:

"On the trial of this cause, it was admitted by the defendant, that John Falconer was the original patentee of the lot sued for, by patent from the United States; and that the transcript of the deed, with the certificate and endorsement, was a true and correct transcript from the record of deeds in the probate court of Montgomery, the county in which the lot was situated; as follows, to-wit:

"'Know all men, by these presents, that I, John Falconer, of the town and county of Montgomery, State of Alabama, for and in consideration of two hundred dollars, to me in hand paid by William Maguire, of the same town, (the receipt whereof I do hereby acknowledge,) do hereby give, grant, sell, enfeoff, and convey, unto the said Maguire, the two following described lots, situated in that part of said town formerly called Philadelphia, to-wit: lot number ten, on the north side of Monroe street, measuring fifty feet in front, and one hundred and ten feet in rear, and lot number eleven, next east, and adjoining the same, measuring fifty feet front, and one hundred and sixty feet in the rear, with all the privileges and appurtenances belonging to said lots, according to the last plat of said town; to have and to hold the afore-granted premises, to the said Maguire, his heirs, and assigns, to their use and behoof forever. And I do covenant with the said Maguire, his heirs, and assigns, that I am lawfully seized in fee of the afore-granted premises; that they are free from all incumbrances; that I have a good right to sell and convey the

same to the said Maguire; and that I will warrant and defend the premises, to the said Maguire, his heirs, and assigns, forever, against the lawful claims and demands of all persons. In witness whereof, I, the said John Falconer, have hereunto set my hand and seal, this 29th day of August, in the year of our Lord one thousand eight hundred and twenty-five.

"JOHN FALCONER."

" 'Signed, sealed, and delivered, in presence of Andrew J. May and Robert Hobdy.'

" 'Montgomery, Ala., 27th September, 1825, then the above-named John Falconer the above instrument to be his free act and deed, before me.

" 'G. H. GIBBS, C. C. M. C.'

" It was further admitted by the defendant, and agreed, that the said copy of said instrument, with the certificate and endorsement thereon, might be regarded, for the purposes for which it was offered, as if a paper of the same tenor and effect, and purporting to be the deed of John Falconer to William Maguire, with the copy as set forth in said transcript, and the certificates and endorsements as therein set forth; and that said certificates and endorsements were in the handwriting of G. H. Gibbs, clerk of the circuit court of said county on the 27th day of September, 1825, had been offered in evidence by the plaintiff. With these admissions and agreements, plaintiff offered said transcript in evidence, as evidence, by force of the certificate and endorsements, of the execution of the deed by John Falconer at the time the same bears date; stating that she expected to connect herself with said deed and title of said Maguire. The defendant objected to the certificate being received, as evidence of the execution of the instrument at its date, as specified in said transcript. This objection was sustained by the court, and the evidence rejected; to which ruling of the court the plaintiff excepted. The plaintiff then offered said certificate, with said copy of said deed, with the admissions and agreements aforesaid, as evidence of the execution of the deed at the date of the certificate; stating that she expected to connect her title

with said deed to Maguire. To the introduction of this, as evidence of the execution of the deed at the date of the certificate, the defendant objected; which objection the court sustained, and would not permit the evidence to go to the jury; to which ruling of the court the plaintiff excepted".

In consequence of the rulings of the court on the evidence, as above stated, the plaintiff took a non-suit; which she here moves to set aside, and assigns as error the rulings of the court to which she reserved exceptions.

Jno. A. Elmore, and W. P. Chilton, for the appellant, cited 1 Greenl. Ev. § § 21, 144, and authorities referred to in notes ; *Gantt's Adm'r v. Phillips*, 23 Ala. 275 ; *Lay v. Lawson*, 23 Ala. 377 ; *Barnett v. Tarrence*, 23 Ala. 463 ; *McArthur v. Carrie's Adm'r*, 32 Ala. 75.

Goldthwaite, Rice & Semple, *contra*, cited the following authorities: *Fipps v. McGehee*, 5 Porter, 413, 434; *Bradford v. Dawson & Campbell*, 2 Ala. 203 ; *Ravisies v. Alston*, 5 Ala. 297 ; *Hobson v. Kissam & Co.*, 8 Ala. 357–62; *Shelton v. Armor*, 13 Ala. 647 ; *Herbert v. Hanrick*, 16 Ala. 581–99.

JUDGE, J.—The transcript of the deed from John Falconer to William Maguire was offered in evidence by the plaintiff in the court below, with an agreement between the parties to the effect, that the copy of the deed, as set out in the transcript, might be regarded as an original paper of the same tenor and date ; and that the certificate and endorsements thereon, as shown by the transcript, might be regarded as in the handwriting of G. H. Gibbs, who was, at the date thereof, the clerk of the circuit court for Montgomery county. This presents the question, whether the deed, as specified in the agreement, was properly admissible in evidence, without further proof, it having been relevant to the issue.

If its admissibility had depended upon the sufficiency of the certificate of acknowledgment, the authorities cited by the appellee are conclusive to show that it was properly excluded by the court ; for the certificate is, neither in form

nor substance, such as was required by the first section of the act of 1812, which was of force at the time the certificate was made.—Aiken's Digest, 89, § 7. But, nearly thirty-three years had elapsed since the date of the deed; and instruments more than thirty years old, unblemished by alterations, are said to prove themselves, the subscribing witnesses being presumed to be dead; and this presumption, so far as this rule of evidence is concerned, is not affected by proof that the witnesses are living.—1 Greenleaf's Ev. § 21, and authorities cited in note 1 to the text. From this it follows, that the circuit court erred in excluding the evidence.

2. But, under the circumstances, was not the transcript of itself, irrespective of the agreement between the parties, properly admissible in evidence? The bill of exceptions fails to disclose with certainty the date of the admission of the deed to record; but, if it had been recorded in the proper court of the proper county, more than twenty years before the day of trial, the presumption was that its execution had been legally proved, or acknowledged, and that the proper certificate had been "written upon or under the deed." To hold otherwise, would not be in harmony with the repeated adjudications of this court, that after the lapse of twenty years such presumptions may be made.—*Gantt's Adm'r v. Phillips*, 23 Ala. 275; *Lay v. Lawson*, 23 Ala. 377; *Barnett v. Tarrence*, 23 Ala. 463; *Rhodes v. Turner and Wife*, 21 Ala. 210; *McArthur v. Carrie's Adm'r*, 32 Ala. 75; *Milton v. Haden*, 32 Ala. 30; *Wyatt's Adm'r v. Scott*, 33 Ala. 313. To authorize this presumption, it was not necessary, under the weight of authority, first to prove possession or corresponding enjoyment, or other equivalent or explanatory proof.—1 Greenleaf's Ev., note 3 to section 144, and authorities therein cited.

With the presumption, then, that the deed had been legally proved or acknowledged, and properly admitted to record, what was necessary to authorize the transcript to be received in evidence? Section 1275 of the Code declares, that, "if it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript has not the custody or control thereof,

the court must receive a transcript, duly certified, in the place of such original." No direct evidence was offered to the court upon this question; but the evidence springing from the transcript itself, by presumption from lapse of time, was sufficient to show that, if the original deed had not been lost or destroyed, it was, at least, not within the custody or control of the plaintiff. Maguire, the grantee, was the proper custodian of the deed, from the date of its execution. If, subsequent to the conveyance to him, he conveyed the land to another, still the presumption would be, that he retained the possession of the deed from Falconer; and after the lapse of more than thirty years, the plaintiff could not be required to trace up and account for either Maguire or the deed.

In England, all the title-deeds to real estate go with the land to the purchaser; (2 Sugden on Vendors, 90;) and it may be reasonable there to require the purchaser to produce the original deed to a prior grantee. There, no system of registration prevails, and the preservation of the title-deeds, by which the estate has been transferred from hand to hand, becomes of great importance. They are in the nature of heir-looms, and descend, together with the chests in which they are contained, to the heir.—4 Black. Com., book 2, p. 428. But here, the mode of conveyancing is different. The grantee generally takes only the immediate deed to himself, relying on the covenants of his grantor, who is answerable to him on failure of the title; and on conveying to another, being liable over as *warrantor*, he has the right to retain in his hands the immediate deed to himself, as a protection against claims for the recovery of the property which might afterwards be attempted.— *Eaton v. Campbell*, 7 Pick. 10; *Jackson v. Woolsey*, 11 Johns. 446; *Cocke v. Hunter*, 2 Tenn. Rep. 113; *Nicholson v. Hilliard*, 1 N. C. Law Rep. 253; *Thompson v. Ives*, 11 Ala. 239, and authorities there cited; *Hussey v. Roquemore*, 27 Ala. 281; *Shorter v. Sheppard*, 33 Ala. 648. See, also, *Scott v. Rivers*, 1 Stew. & Port. 19.

My brethren concur in the setting aside of the non-suit on the ground first stated, but announce no conclusion as

to the admissibility of the transcript in evidence on the other grounds discussed in this opinion.

Let the judgment of non-suit be set aside, and the cause remanded.