# Baker *v.* Prewitt.

### *Statutory Action in nature of Ejectment.*

64  551
100  672

1. *Presumption from lapse of time, in favor of regularity of judicial proceedings.*—Where parties have held possession of lands for thirty-six years, without disturbance or adversary claim, under a partition made by commissioners acting under an order or decree of a court of equity, the partition will be regarded as regularly and rightfully made, without any inquiry into the regularity of the proceedings by which it was effected.

2. *Husband's interest in wife's lands.*—By the common law, which prevailed in this State in 1834, the husband became entitled, as tenant by the curtesy, to an estate for life in lands belonging to his wife in fee, on the birth of issue alive of the marriage.

3. *Conveyance to husband and wife.*—A deed executed in 1835, conveying lands to husband and wife, vested in them equal interests in the entire property, with the right of survivorship.

4. *Partition of lands in equity; presumptions from lapse of time.*—Under a bill filed by an executor, for a partition of lands between the widow, on her second marriage, and the children and devisees, the will giving the widow an estate in fee ; a deed executed by commissioners appointed by the court, and approved by the court, conveying her portion of the land to her and her husband, by words which vest in them equal interests with the right of survivorship, will be presumed, after the lapse of thirty-five years, to have been authorized by the facts which were in evidence before the court.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by Benjamin J. Baker and others, claiming as heirs at law of Mrs. Martha Maria Jones (afterwards Washington), to recover the possession of a tract of land in said county, containing 320 acres, with damages for its detention ; and was commenced on the 16th November, 1871. The action was brought against Campbell Green, tenant in possession ; but, by consent, Mrs. Josephine Prewitt was made a defendant, and defended for 204 acres of the land. The defendant pleaded not guilty, and the statutes of limitations of twenty and thirty years, with a suggestion of adverse possession and the erection of valuable improvements ; and issue was joined on these several pleas. The bill of exceptions states, that "the cause was tried on the following agreed statement of facts :"

"For the purposes of this trial, the following admissions are made, as proved by competent testimony : The defendant is now, and was when the suit was commenced, in possession of 204 acres of the land sued for, being 64 acres in the south-east quarter of section 19, and 140 acres in the south-east quarter of section 24, T. 4, R. 9, west; and the

annual rent of said land is $960. Benjamin B. Jones, the ancestor of the plaintiffs, died in 1830, in Lawrence county, Alabama, where he then resided; leaving a last will and testament, a certified copy of which is herewith filed, marked 'No. 1.' Said Jones, at the time of his death, was seized and possessed of the said lands, with other lands. He left, surviving him, his widow, Martha Maria Jones, and two children, Chamberlain and Flora, born of said marriage. Under said will, the widow and said two children were the only devisees; and all of his property, real and personal, was disposed of by the will. Afterwards, in 1834, the widow married Augustine B. Washington, in Limestone county, Alabama. By her marriage with said Washington, she had two children, Burket and George. Said Burket was born in 1841, and died in 1863, intestate, and unmarried: and George, who was born after his brother, died under seven years of age. Mrs. Washington, said Martha Maria, died in Limestone county, Alabama, in 1847; and said Augustine B. Washington died in Arkansas, in 1865, intestate, and leaving no widow or children.

"In 1835, the Circuit Court of Lawrence county, sitting as a court of equity, at the suit of John L. Townes, the executor of the will of said B. B. Jones, and exhibited against the said heirs at law and devisees under said will, proceeded to allot and set apart to the said Martha Maria Washington her share of said estate under said will. The commissioners appointed to do this were, George W. Foster, Alexander Sale, and James E. Saunders. In obedience to the order of said court, said commissioners set apart and allotted to the said Martha Maria Washington the land in controversy, hereinbefore described, and reported the same to said court, and said report was duly confirmed; and thereupon, under order of said court, said J. E. Saunders, one of said commissioners, conveyed said lands to said Augustine B. Washington and wife. Said deed is herewith filed, as a part hereof, marked 'No. 2.' Under said deed, said Washington and wife entered upon and took possession of said lands, and remained in the possession thereof until the 10th September, 1836, when said Washington and wife executed the instrument of writing, purporting to be their deed of that date, by which said lands were attempted to be conveyed to John W. Baker, who had intermarried with said Flora Jones, in said county of Lawrence, in the year 1834; and said Baker and wife were living in said county of Lawrence when said deed of said Washington was made. Said instrument of writing, purporting to be their said deed, is herewith filed, as a part hereof, marked 'No. 3.' Said John W. Baker and his wife removed to Florida in 1843, and remained there until they died; said Flora

having departed this life in 1866, and said John W. in 1867.
They left, surviving them, their children, all plaintiffs in this
suit, who are their only heirs at law, except W. C. Jones.
There was never any administration on the estate of said
Martha Maria Washington. Said J. W. Baker, when he
purchased said land from Washington and wife, did not pay
all the purchase-money, but executed his note, payable to
said Washington, for a part thereof. This note said Wash-
ington transferred to W. H. Winter, who, in 1850, filed a bill
in the Chancery Court of Lawrence county, against said Ba-
ker and Washington, to enforce the vendor's lien on said land
for said unpaid purchase money." A decree was obtained
in this suit, and the land was sold under it in 1851, E. D.
Townes becoming the purchaser; and the sale was reported
to the court, and by it confirmed. Townes afterwards sold
and conveyed to Thomas H. Ashford, who sold and conveyed
to R. H. Prewitt; "and said Prewitt afterwards, on the 26th
April, 1866, sold and conveyed said lands to said Josephine
Prewitt, the defendant in this suit, who has since been in the
possession of said lands, claiming them under said deeds.
At the institution of this suit, all the plaintiffs were under
twenty-one years of age, except W. C. Jones, who was then
forty-seven years old; Mrs. Maria Bailey, who was then
thirty-four years old; Mrs. Nannie Bradley, who was then
thirty-three (but both of these ladies were married, under
twenty-one years of age, in the lifetime of their father and
mother); Mary F. Baker, who was then twenty-nine; and
John W. Baker, who was twenty-two years old."

The material portions of the testator's will, and the recitals
of the commissioner's deed to Washington and wife, are
stated in the opinion of the court, and need not be here
repeated. On the admitted facts, the court instructed the
jury to find for the defendant; and this charge, to which the
plaintiffs excepted, they now assign as error.

THOS. H. WATTS, and WALKER & JONES, for appellants.—
The deed of Washington and wife, conveying the lands in
controversy, was not so executed as to pass the interest of
Mrs. Washington, and was inoperative as to her.—*Boykin v.
Rains*, 28 Ala. 332. Consequently, the plaintiffs, as her heirs,
are entitled to recover, unless they are barred by the statute
of limitations; or unless the deed executed to Washington
and wife, by Saunders as commissioner, under the order of
the court, presents an obstacle to their recovery. Under the
will of her former husband, Mrs. Washington became enti-
tled, on her second marriage, to an estate in fee in an undi-
vided third of all the lands; and on the birth of issue of her

second marriage, born alive, her husband became tenant by the curtesy, and was entitled to a life-estate. As A. B. Washington died in 1865, the plaintiffs' right of action did not accrue until that time, and the statute of limitations had not effected a bar when the suit was commenced. The only question, then, is as to the validity and effect of the proceedings in the suit for partition. The bill in that suit was filed by John L. Townes, the executor; and it may be assumed, though it is not shown, that he filed the bill *as* executor, and that the widow and children, who were the parties in interest, were made parties to the bill. There was no statute of force at that time, authorizing or regulating such proceedings, the statute applying only to proceedings in the Orphans' Court (Aikin's Digest, 332–36) ; and the validity of the proceedings must be tested by common-law principles. At common law, as administered in the courts of equity, the suit could not be maintained by the executor, either personally, or in his representative capacity : the bill could be maintained only by one of the tenants, who were the widow and her two children. Nor was the decree of the court, of itself, operative, without conveyances executed by and between the parties ; and if the parties were not competent to execute conveyances, a partition could not be effectually made.—2 Dan. Ch. Pr. 1339 ; *Whaley v. Dawson*, 2 Sch. & Lef. 371 ; 1 Story's Equity, §§ 651–53 ; *Deloney v. Walker*, 9 Porter, 497. Here, the allotment appears to have been properly made by the commissioners, the lands sued for being allotted to Mrs. Washington ; and their report was confirmed by the court. If the parties in interest were before the court, and were competent to convey, they should have been required to convey according to the allotment : but, in fact, if they were before the court at all, no conveyances were executed by or between them, and the conveyance executed by the commissioner did not conform to the allotment, and violated the provisions of the will. The proceedings, then, are utterly null and void : the bill was filed by a person who had no interest in the land, and no title to maintain the suit ; the real parties in interest are not shown to have been before the court ; if they were properly made parties, they were not competent to execute conveyances, and did not execute any ; and the deed of the commissioner, though said to have been executed under the order of the court, disregards the allotment, and violates the terms of the will. The rights of parties not *sui juris* can not be destroyed, nor injuriously affected, by judicial proceedings so unauthorized and irregular.

WALKER & SHELBY, *contra*. (No brief on file.)

STONE, J.—There is no controversy in the present case about the facts. Under the will of Benjamin B. Jones, who died in 1830, his widow, Martha Maria Jones, became entitled in fee to an undivided third part of his real estate, when, in 1834, she intermarried with Augustine B. Washington. There was issue of this second marriage born alive, and thus Washington became the owner of a life-estate in the lands of his wife, as tenant by curtesy. Mrs. Washington died in 1847, and Mr. Washington in 1865. The present action for the recovery of the possession of the land was brought in 1871 by the next of kin of Mrs. Washington. They claim and make title as her heirs at law; and their title, as such, appears to be undisputed, unless the proceedings and deed after noticed cut off the descent. Argument is made before us touching the manner and legality of the partition. The partition was made in 1835, and Mr. and Mrs. Washington, and those claiming under them, have enjoyed and occupied the part allotted to her, ever since, without disturbance or adversary claim, until the institution of the present suit in 1871. We will regard and treat the partition as regularly and rightfully made, without inquiring into the regularity of the proceedings by which it was effected.— *White v. Hutchings*, 40 Ala. 253; *McArthur v. Carrie*, 32 Ala. 75; *Wyatt v. Scott*, 33 Ala. 313; *Philippi v. Philippi*, 61 Ala. 41; *Goodwyn v. Baldwin*, 59 Ala. 127.

What effect did the deed of Saunders, commissioner, to Mr. and Mrs. Washington, have on the title to the land in controversy? It will be observed that, under the will of Mr. Jones, the title to the lands was vested in Mrs. Washington, and by her second marriage and issue born of it, a life-estate in Mr. Washington was carved out of it.—*Bibb v. McKinley*, 9 Por. 636; *Cheek v. Waldrom*, 25 Ala. 152; *Bishop v. Blair*, 36 Ala. 80. This left the reversion in fee in Mrs. Washington; and if her title has not been legally devested, that title vested in her heirs at law, at the termination of Mr. Washington's estate by his death. The deed of Saunders, commissioner, was made during the coverture, and conveyed the lands to "Augustine B. Washington and his wife Martha M. Washington, . . to have and to hold the above conveyed lands, with the tenements appurtenant thereunto belonging, or in any wise appertaining, to the only use and behoof of Augustine B. Washington and Martha M., his wife aforesaid." The recital part of the deed is, " Whereas, at the term of the Circuit Court of Lawrence county, Alabama, in a cause therein pending in chancery, wherein John L. Townes, executor of Benjamin B. Jones. is complainant, and the heirs of said Benjamin B. Jones defendant, an interlocutory decree was made,

appointing certain commissioners to divide the lands belonging to said estate; and whereas, at a subsequent term of the said court, James E. Saunders, Alexander Sale and George W. Foster, a majority of said commissioners, made their report, allotting to said Augustine B. Washington and his wife the lands hereinafter conveyed, and thereupon it was ordered and decreed that the said James E. Saunders, as commissioner, should make title to the several heirs in pursuance of said report: Now, this indenture witnesseth that, in consideration of the premises, and by virtue of the authority conferred by said decree, that the said James E. Saunders, as commissioner, hath granted, bargained, sold and conveyed," &c. This deed bears date March 18th, 1835. It is one of the admitted facts on which this case was tried in the court below, that the division and partition of the lands made by the commissioners was reported by them to the court, and duly confirmed. If the deed of Saunders be a lawful and valid conveyance, and Mrs. Washington's title rests on it, then Washington and wife, by reason of their legal identity, became seized by entireties as one estate, and, on the death of Mrs. Washington in 1847, the entire title continued in him as survivor. On this hypothesis, Mrs. Washington left no estate in the lands, there was no inheritance from her, and the present plaintiffs have shown no title.—*Walthall v. Goree*, 36 Ala. 728. The transcript of said equity suit, under which the partition was effected, is not before us, and all we know of its contents, averments and purposes, is derived from the agreement of counsel, on which the trial was had in the court below. The following is all the agreement contains on the subject: "In 1835, the Circuit Court of Lawrence county, Alabama, sitting as a court of equity, at the suit of John L. Townes, the executor of the will of the said B. B. Jones, and exhibited against the said heirs at law and devisees under the said will, proceeded to allot and set apart to the said Martha Maria Washington her share of said estate under said will. The commissioners appointed to do this were George W. Foster, Alexander Sale, and James E. Saunders. In obedience to the order of said court, said commissioners allotted and set apart to said Martha Maria Washington the land in controversy hereinbefore described, and reported the same to said court, and said report was duly confirmed; and thereupon, under order of said court, said J. E. Saunders, one of said commissioners, conveyed said lands to said Augustine B. Washington and wife."

At the time this partition took place in 1835, we had no separate Chancery Court. The Circuit Courts exercised chancery jurisdiction. Courts of equity, under our system,

were and are courts of general jurisdiction, and we presume all their orders and decrees were rightly rendered, and on proper pleadings and proof, unless the contrary is affirmatively shown.   The transaction we are considering is very ancient—over thirty-five years old when this suit was brought.   Strong presumptions are indulged in all systems of jurisprudence, and particularly so in ours, in favor of the correctness of judicial proceedings, so old as this is.   Some of the authorities say we will presume almost any thing, even the existence and loss of records, when the actual record itself is imperfect, rather than undo transactions which have rested in repose so long.—1 Greenl. Ev. § 144; *Rhodes v. Turner*, 21 Ala. 210; *Barnett v. Tarrence*, 23 Ala. 463; *Lay v. Lawson*, *Ib.* 377; *Sims v. Aughtrey*, 4 Strob. Eq. 103; *White v. Hutchings*, 40 Ala. 253.

The partition made in the present case, the order for title, and the title actually made by Saunders, commissioner, to Washington and wife, were all done under the order and direction of the Chancery Court.   The deed in evidence, and the agreed state of facts, prove this.   The chancellor is specially charged with the duty of protecting persons not *sui juris.* He had the pleadings and proofs in this cause before him, and we must presume he decreed aright.   He approved the allotment made to Washington and wife, and appointed a commissioner to make them title pursuant to the allotment. There are many conceivable states of fact, on which this order would have been eminently proper.   The third interest in the lands was the exclusive property of Mrs. Jones, or, rather, would become her exclusive property, when she married Mr. Washington.   In this third interest her children had no right or title, vested, contingent, or otherwise.   As to this property, her right of disposition was absolute.   She may have made a valid antenuptial agreement, by which she and Mr. Washington were to become seized by entireties.   She had the right to make such agreement, and there is nothing in the record to show she did not make it.   It may have rested on valuable and ample consideration.   The chancellor, before ordering the deed made to Mr. and Mrs. Washington, may have subjected her to privy examination, and thus learned it was her wish to have the deed so made.   It was his duty to pursue this course, unless there was some good reason for dispensing with it; and it is our duty to presume he did his duty.   We are not informed that Mrs. Washington was dissatisfied with the form in which the title was taken; and the husband of one of her two heirs at law by her first husband, purchased the land from Mr. Washington soon after the partition; thus proving that he at least believed Washington's

title to be good. In view of the long time since this partition was perfected, and the fact that it was all done under the sanction and order of a court of general jurisdiction, we feel bound to presume the chancellor had authority for all he did.—*Lockwood v. Nelson*, 16 Ala. 294; *Saunders v. Saunders*, 20 Ala. 710.

The deed being made to Washington and wife during their coverture, they took by entireties; and when Mrs. Washington died, leaving her husband surviving her, the entire title remained in him as survivor. Such was the rule of the common law, by which this case is governed. Mrs. Washington, then, had no estate to transmit, and the present plaintiffs took nothing by inheritance. There is no error in the record, and the judgment of the Circuit Court is affirmed.