# Alexander *v.* Wheeler.

### *Statutory Action in nature of Ejectment.*

<table>
<tr><td>78</td><td>167</td></tr>
<tr><td>107</td><td>530</td></tr>
<tr><td>78</td><td>167</td></tr>
<tr><td>122</td><td>445</td></tr>
<tr><td>78</td><td>167</td></tr>
<tr><td>124</td><td>465</td></tr>
<tr><td>78</td><td>167</td></tr>
<tr><td>126</td><td>387</td></tr>
<tr><td>78</td><td>167</td></tr>
<tr><td>143</td><td>343</td></tr>
</table>

1. *Specific objection to evidence.*—A specific objection to evidence is a waiver of all other grounds of objection.

2. *Proof of ancient deeds.*—A deed, thirty years old, is admissible as evidence without proof of its execution; and when the only objection to its admissibility is the failure to prove its execution, the appellate court will presume, in favor of the ruling of the court below, that the paper came from the proper custody.

3. *Sufficiency of verdict in description of land.*—A verdict for plaintiff, for "the strip lying on the north boundary of the eighty, being one acre and a half, more or less," is void for uncertainty; but the finding as to the other portions of the land sued for being sufficiently certain and definite, and plaintiff taking judgment for those portions only, the insufficient finding is eliminated, and forms no ground for an arrest of judgment.

4. *Adverse possession, as between co-terminous proprietors separated by partition fence.*—Where a partition fence is extended by one of two adja-

[Alexander v. Wheeler.]

cent owners, so as to embrace within his inclosure a portion of his neighbor's land, through inadvertence, ignorance of the location of the true line, or for purposes of convenience, but intending to claim only to the true boundary line, wherever it might be, such possession of the excess would not be adverse to the true owner.

5. *Possession under verbal contract.*—Possession of land taken under a verbal sale or exchange, and held under claim of ownership, is adverse, and may ripen into a title under the statute of limitations.

6. *Charge on portion of evidence.*—Where evidence is introduced by the parties presenting different phases, each has the right to have the jury instructed as to the probative effect of the evidence in his favor, if believed by them.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by Calvin M. Wheeler, against George W. Alexander and his mother, Mrs. Anna Alexander, to recover the possession of a tract of land, which was described as the west half of the north-east quarter of section ten (10), township thirteen (13), range eleven (11) ; and was commenced on the 19th February, 1878. The defendants entered a disclaimer as to all of the lands sued for, except "one acre in the north-east corner of said land, cut off from it by Little Terrapin creek," and a narrow strip five or six feet wide, extending around the land on the north, south and west; and as to these portions, they pleaded not guilty, and the statute of limitations of ten years. The jury returned a verdict in these words: "We, the jury, find for the plaintiff, and give him the nook at the north-east corner, and the strip lying on the north boundary of the eighty, being one acre and a half, more or less, and a strip five feet wide immediately west of the fence, extending from the north-west to the little creek; and no damages for rents." The defendants moved in arrest of judgment, on account of the insufficiency and uncertainty of this finding ; but the plaintiff consenting that no judgment should be rendered in his favor "for the strip on the north boundary of the eighty," the court overruled the motion in arrest, and rendered judgment in his favor for the other parcels named in the verdict.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a patent for the land described in the complaint, issued by the United States to Arthur Alexander, on the 5th May, 1845 ; "and then proposed to read in evidence a paper writing, purporting to be a deed of bargain and sale, reciting a consideration of $200, with the usual covenants of warranty, from said Arthur Alexander to plaintiff; which bore date the 7th September, 1847, and purported to be attested by two witnesses. The defendants objected to said paper writing being read to the jury as evidence, on the ground that its execution was not proved;" and they duly excepted to the overrul-

VOL. LXXVIII.

ing of their objection.   The plaintiff introduced evidence, also, tending to show that the land sued for was embraced in the said eighty-acre tract, and that he continued in uninterrupted possession of it until 1870.   The defendants claimed under Matthew Alexander, deceased, who died in 1876, and who seems to have owned and possessed lands adjoining the plaintiff's on the north, south and west.   The evidence showed that an old partition fence run north and south through the middle of the section, and the defendants' evidence tended to show that each party claimed and held possession up to the fence as the true dividing line; while the plaintiff's evidence tended to show that the fence was not built on the true line.   The defendants introduced evidence, also, showing that by verbal agreement between plaintiff and said Matthew Alexander, in 1865, or 1866, the north and south partition fences were moved about ten feet north of their proper location, in order that each might cultivate the fence row thereby embraced in his inclosure; and with the understanding that, when it became necessary to rebuild the fences, they should be removed to their former position.   There was evidence, also, tending to show an exchange of the small nook particularly described, for two other small parcels; and that each party had taken and held possession of the parcel he obtained by the exchange, for more than ten years before the commencement of the suit; "but the plaintiff's evidence tended to show that the possession of said nook by defendants and said Matthew Alexander was never adverse to him."

The defendants requested the following charges to the jury : (1) " If the jury believe, from the evidence, that Matthew Alexander, by agreement with Wheeler, in 1865, or 1866, moved the partition fence north of the little creek the distance of ten feet on plaintiff's land along the line of said fence, in order to reset and rebuild the fence, and to get to cultivate the fence row; then they can not find for plaintiff the said width of ten feet along said fence, although the defendants may be in possession, cultivating said fence row."   (2) " Although the defendants may not have claimed, and do not now claim, any part of the west half of the north-east quarter of said section; yet, if they and those under whom they claim have been in the possession of all the land lying west of the partition fence running north and south through the west half of said section, and claiming the same as their own for ten days (?) prior to the beginning of the suit, except the fence row; then plaintiff can not recover any land lying west of the partition fence and old fence row."   (3) " If the jury believe, from the evidence, that the plaintiff is now, and was at the commencement of this suit, in the possession of the larger part of the land sued for, then

[Alexander v. Wheeler.]

he can not recover any part of the land sued for." (4) If the jury believe, from the evidence, that the plaintiff was at the commencement of the suit, and is now, in possession of all the land sued for, except about seven and 20-100 acres in strips around the southern, western and northern boundaries, he can not recover in this suit." (5) "If the jury believe, from the evidence, that Matthew Alexander went into the possession of the nook in the north-east corner of the land sued for, under an exchange with the plaintiff, claiming the same as his own until his death; and that the defendants went into possession after him, claiming the same as their own, under him, for more than ten years before the commencement from the time said Matthew Alexander took possession of the same; then plaintiff can not recover said nook of land."

The court refused each of these charges, and the defendants duly excepted to their refusal; and they also excepted to the following charges, given by the court at the instance of the plaintiff: (1) "A possession of land by the permission of the owner, is not adverse; and a possession under a mere exchange for mutual tenancy and convenience, is not adverse to the owner." (2) "If there be a verbal exchange of lands, for purposes of mutual tenancy, possession under such exchange would not be adverse, but permissive." (3) "If the jury believe all the evidence, the plaintiff is entitled to recover the fence row, from the little creek to the north boundary of the land sued for." (4) "If the jury believe, from the evidence, that possession by Matthew Alexander of the acre in the noth-east corner of the lands sued for was obtained through the permission of Wheeler, and was an exchange of lands for mutual tenancy and convenient cultivation, such possession was not adverse at its commencement, and could not become adverse, except by a clear, positive, open and continuous assertion of title hostile to Wheeler, and brought to his knowledge by notice, actual or constructive."

The rulings of the court on the evidence, the charges given, the refusal of the several charges asked, and the overruling of the motion in arrest of judgment, are now assigned as error.

HARRIS & CALDWELL, for appellants.

G. C. ELLIS, and SMITH & LOWE, contra.

STONE, C. J.—After proving title by Government patent to Arthur Alexander, defendant's ancestor, granting to him the lands in controversy, plaintiff offered in evidence what on its face purported to be a deed from said Arthur to him, conveying the lands sued for. This deed appeared to be more

than thirty years old, and purported to have subscribing witnesses. It was offered in evidence without proof of execution. "The defendant objected to said paper writing being read in evidence to the jury, on the ground that its execution was not proved." This objection, being on a specified ground, was a waiver of all other grounds.—1 Brick. Dig. 887, § 1194; *Massey v. Smith*, 73 Ala. 173. The objection, as made, was rightly overruled. Deeds thirty years old are admissible without proof of their execution.—1 Greenl. Ev. § 145; *White v. Hutchings*, 40 Ala. 253; *Sharpe v. Orme*, 61 Ala. 263; *Bernstein v. Humes*, 75 Ala. 241. Other questions might possibly have been raised as to the actual date of the deed, in fixing its age, and as to its custody, in determining its genuineness. These were not raised; and hence we must suppose the paper came from the proper custody—Wheeler produced it—and that it bore the marks of age.

The verdict of the jury was sufficiently specific as to the nook, about one acre, in the north-east corner—the part separated from the tract by Little Terrapin creek. It is also sufficient as to the strip five feet wide on the west side of the tract, extending from the north-west corner to the little creek. For these only did the court give judgment in favor of the plaintiff. The nook in the north-east corner is so described in the disclaimer—cut off from the land sued for by Little Terrapin creek—as that the sheriff can find no difficulty in putting the plaintiff in possession of either of these pieces. The other finding of the jury—" the strip lying on the north boundary of the eighty, being one acre and a half, more or less"—is void for uncertainty. The plaintiff consented that no judgment should be rendered on this indefinite finding, and none was rendered. This insufficient finding being eliminated, the Circuit Court did not err in overruling the motion in arrest of judgment.

The real question in this case was, whether Alexander acquired and occupied the fragments of land in asserted independent right, or by permission and in subordination to the plaintiff's legal title—whether Alexander took possession, and held the land claiming it as his own, or whether he entered under a license to occupy, granted by Wheeler, with no intention to part with the title. The rules for determining this question, so far as the law bears upon it, have been so fully discussed, that we need not again travel over the ground. *Brown v. Cockerell*, 33 Ala. 38; *Alexander v. Wheeler*, 69 Ala. 332; *Humes v. Bernstein*, 72 Ala. 546; *Bernstein v. Humes*, 75 Ala. 241. There appears to have been no dispute in this case, that the parts of the tract in controversy are included in the west half of the north-east quarter, and were,

consequently, part of plaintiff's original freehold. When this case was before us on former appeal—*Alexander v. Wheeler*, 69 Ala. 332—we said : " The *quo animo*, or intention with which possession is taken and held by a defendant, must always constitute an essential consideration. Hence, if a partition fence be extended by one of two adjacent owners, so as to embrace within his inclosure a portion of his neighbor's land, through mere inadvertence, or ignorance of the location of the real line, or for purposes of convenience, and with no intention to claim such extended area, but *intending to claim adversely only to the real or true boundary line*, wherever it might be, such possession would not be adverse or hostile to the true owner. There can be no adverse possession, without a coincident intention to claim title."

There is some testimony tending to show that Alexander went into possession for a temporary purpose, and with plaintiff's permission. Charges one and two, asked by defendant, ignore this phase of the testimony, and, for that reason, were rightly refused. Charges three and four erroneously assume that, in suits for the recovery of land, plaintiff must fail, unless he shows title and a right to recover all that is claimed in the complaint.

Charge number five, asked by defendant, ought to have been given. Alexander and Wheeler were at issue in their testimony, in reference to the one acre of land in the north-east corner. Alexander testified, that it was a verbal exchange, or mutual sale, and that his father took and held possession under asserted ownership ; and that he, the witness, had succeeded to his father's possession, and also held in his own right. Wheeler testified it was a mere consentive, temporary exchange of use and occupation. The testimony of the one tends to prove an adverse holding; of the other, a mere permissive occupation. The charge was justified by the defendant's phase of the testimony; and he had the right to have its probative effect passed on by the jury.—*Collins v. Johnson*, 57 Ala. 304; *Vanderveer v. Stickney*, 75 Ala. 225.

We find no other errors in the record.

Reversed and remanded.