[Austin, et al. v. Meaher.]

# Austin, *et al. v.* Meaher.

*Bill to Quiet Title.*

Decided Jan. 20, 1910.—51 South. 799.)

*Adverse Possession; Duration.*—Where complainant had held adverse posession for twenty years before the passage of the Act of 1903, p. 495, complainant held possession, and his title was good by virtue of section 2794, Code 1896, as against a grantee of the insane hospital under the acts above set out.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Augustine Meaher against Henry Austin and others, to quiet title to certain lands. Decree for complainant and respondent appeals. Affirmed.

ELLIOTT C. RICKARBY, for appellant.—Adverse posession to land does not run until title has passed out of the state.—*Lowery v. Baker*, 141 Ala. 600. Appellee was, therefore, a mere trespasser, without even color of title.—1 Cyc. 1094; *Smithe v. Henry*, 41 Fed. 705. Grants made by the state are made by patent.— Sec. 1620, Code 1867. A purchaser from the government is charged with knowledge of the law, and of the state of facts.—*Hawley v. Diller*, 178 U. S. 476. Public lands cannot be alienated except pursuant to some law authorizing the same.—*Morris v. United States*, 174 Ala. 196. The court take judicial knowledge of such law.—12 Ency. (A. & E.) p. 155. It follows that appellee had no such title as entitled him to maintain this action.—*Orton v. Smith*, 18 How. 263.

HARRY T. SMITH, for appellee.—It is not necessary that a complainant in a bill like the present one should show title in himself in order to maintain it.—*Ken-*

*drick v. Colyar,* 143 Ala. 596. The complainant showed title by adverse possession, for more than twenty years before the passage of the act under which appellant claims, and the presumption will be indulged that his original possession had ripened into title, to give repose to his title.—*Gantt v. Phillips,* 23 Ala. 290; *Dawson v. Hoyle,* 58 Ala. 445; *Baker v. Pruitt,* 64 Ala. 557; *Matthews v. McDade,* 72 Ala. 288. The twenty years barred even the state.—Sec. 2794, Code 1896.

SIMPSON, J.—The bill in this case was filed by the appellee against the appellants to quiet title to property under the statute. The land in question is a part of what is known as the "swamp and overflowed lands" of the state—the complainant claiming under a conveyance, in form of a patent from the state in 1872, but signed only in the Governor's name by his secretary, and without the great seal of the state, as also by limitation and prescription; while the defendants claim by quitclaim deed from the "Alabama Insane Hospital," whose title is based on the act of October 10, 1903 (Acts 1903, p. 495).

Whether the deeds purporting to be from the state are or are not in conformity to law, and are ineffective, is immaterial, as the evidence shows that the complainants entered into possession thereunder, and have been in adverse possession ever since. So, when the act of October 10, 1903, was passed, the title of the complainants had been perfected by limitation and prescription. —Code 1896, § 2794; *Grant's Ad'm'r v. Phillips,* 23 Ala. 299; *Matthews v. McDade,* 72 Ala. 388; *Dawson v. Hoyle,* 58 Ala. 45; *Baker v. Prewitt,* 64 Ala. 557. The act of October 10, 1903, conveyed only "all of said lands which are now or may hereafter be owned by the state of Alabama, to which there are no adverse claims."

[McLester, et al. v. Woodlawn Cemetery, et al.]

There was not only an adverse claim to the lands in question, but the title of the state had passed out by prescription, when the act of 1903 was passed. Consequently that act could not operate to convey the lands to the Insane Hospitals, and the defendant is without title.

Though for different reasons than those assigned in the chancellor's opinion, we hold his decree correct, and the same is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.