JOHN DE MELLO, SR., *v.* MANUEL C. DE MELLO.

## No. 1108.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.
HON J. W. THOMPSON, JUDGE.

SUBMITTED FEBRUARY 25, 1919.          DECIDED MARCH 4, 1919.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DeBOLT
IN PLACE OF KEMP, J., ABSENT.

PLEADING—*actions—tenants in common.*

> One tenant in common cannot maintain an action at law against his cotenant in respect of the common property unless he has been disseized or ousted therefrom.

OPINION OF THE COURT BY EDINGS, J.

This cause comes before this court on exceptions to the decision of the circuit court sustaining defendant's demurrer to the plaintiff's declaration. The plaintiff alleges in his declaration that he is the widower of one Maria De Mello, who died intestate, leaving certain lands in South Kona, Hawaii, and several children as heirs at law, it being admitted that the defendant is one of said children; that he (the plaintiff) purchased the interest of several of

said children in said land but did not purchase the interest of the defendant; that the land has never been partitioned or divided and that plaintiff and defendant are tenants in common; that defendant used and occupied all of said land with the permission of plaintiff and that said use and occupation are reasonably worth the sum of twenty-five dollars per month for each and every month of such occupation, to wit, from July 1, 1917, to February 1, 1918, and that the interest of plaintiff in said rent is the sum of eighteen and 75/100 dollars per month, making a total of one hundred thirty-one and 25/100 dollars, it being further admitted that there has not been any ouster of plaintiff on the part of defendant.

The defendant filed a demurrer to said declaration upon the grounds: First. "That said complaint does not set forth facts sufficient to constitute a cause of action against defendant;" Third. "That said plaintiff in and by his complaint seeks to obtain an accounting in a court of law instead of in equity," which demurrer was by the court sustained upon each of said grounds and the action dismissed, the second ground being overruled.

The prevailing doctrine, which we adopt, is that where one tenant in common uses and occupies the whole of the common property without excluding his cotenants and without any demand from them for possession, and refusal on his part, in the absence of any agreement to pay rent, he is not liable to his cotenants for the use and occupation of the common property, and since the possession of one joint tenant, or tenant in common, is the possession of all, and all are equally entitled to the use and enjoyment of the property, it follows as a general rule that one tenant cannot maintain an action at law against his cotenant in respect of the common property unless he has been disseized or ousted therefrom. *Bishop* v. *Blair*, 36 Ala. 80.

We regard the exceptions as without merit and they are overruled.

*H. G. Middleditch* for plaintiff.

*A. G. Correa* for defendant.