# Jellerson *v*. Pettus *et al.*

*Bill in Equity by Cotenant for Sale of Lands for Division.*

[Decided June 28, 1902.]

1. *Bill for sale of lands by co-tenant; sufficiency of plea of statute of limitations.*—Where a bill is filed by the person alleged to be a tenant in common with the defendants, for the purpose of the sale of lands described, for division among the joint owners, and a plea, filed by one of the defendants, avers that forty years before the filing of said bill persons who were in possession of the land involved in controversy, under color of title and claimed title to the whole interest in said lands, partitioned the lands, and made maps and conveyances in pursuance of the partition, and placed same upon record, and that the purchaser of the lot in controversy immediately went into possession under a partition deed, claiming the whole interest therein, and that the defendant in the present suit claimed under him through mesne conveyances, such plea sufficiently sets up an ouster and disseizin of all persons claiming at the time of the partition of the land to be ten-

ants in common with the original purchaser of the lot in controversy, and also such a staleness of demand on the part of the complainant as will prevent the granting of the relief prayed for; and such plea, therefore presents a sufficient defense to the maintenance of the suit.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellant Margaret Jellerson, against the appellees on January 21, 1901.

It was averred in the bill that the complainant was the cotenant with the appellees in the ownership of certain lands in Mobile county; and the prayer of the bill was for the sale of said lands for division among the joint owners. The facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted from a decree of the chancellor holding the plea interposed by the defendant Henry J. Pettus was insufficient, and the rendition of this decree is assigned as error.

FRED'K. G. BROMBERG, for appellant, cited *Porter v. Wheeler*, 105 Ala. 457; *Dudley v. Witter*, 46 Ala. 664; *Sebay v. Abitol*, 4 M. & S. 462; *Montgomery L. Co. v. Lahey*, 121 Ala. 136; 18 Amer. & Eng. Ency. of Law, (2d ed.) 103-4; 12 Amer. & Eng. Ency. of Law, (1st ed.) 545, 549, 550; *Burrus v. Meadows*, 90 Ala. 140; *Johns v. Johns*, 93 Ala. 243; *Colbert v. Daniel*, 32 Ala. 314, *Walls v. Grisby*, 42 Ala. 473; 19 Cen. Digest, § 274.

L. H. & E. W. FAITH, *contra.*—The plea in this case presented a defense to the maintenance of the suit.— The plea is not strictly a plea of the Statute of Limitation, or of adverse possession, but of laches of complainant and the staleness of her claim. "It has been a recognized doctrine of Courts of Equity, from the very beginning of their jurisdiction, to withhold relief from those who have delayed for an unreasonable length of time in asserting their claims. * * * In *Wagner v. Bird*, 7 How., 234, it was said that long acquiescence and laches by parties out of possession are pro-

ductive of much hardship and injustice to others, and cannot be excused except by showing some actual hindrance or impediment, caused by the fraud or concealment of the party in possession, which will appeal to the conscience of the chancellor." *Laudsdale v. Smith,* 106 U. S. Rep., 392; *McKnight v. Taylor,* 1 Howard, 161; *Badger v. Badger,* 2 Wallace, 87; *Speidel v. Henrici,* 120 U. S. Rep., 385; *Underwood v. Duggan,* 139 U. S. Rep., 380, 385; Bispham on Eq., pages 64 and 65.

See *Abercrombie v. Baldwin,* 15 Ala. 369; *Walker v. Crawford,* 70 Ala. 573; *Fields v. Childs,* 73 Ala. 574; *Black v. Pratt Coal Co.* 85 Ala. 511; *Matthews v. McDade,* 72 Ala, 377-389; *Worley v. High,* 40 Ala. 171-177; *Harrison v. Heflin,* 54 Ala. 552-558; *Goodwyn v. Baldwin,* 59 Ala. 128; *Barksdale v. Garrett,* 64 Ala. 280; *Goodman v. Winter,* 64 Ala. 430; *Barker v. Prewitt,* 64 Ala. 551; *Nettles v. Nettles,* 67 Ala. 599; *Kelly v. Hancock,* 75 Ala. 229; *Long v. Parmer,* 81 Ala. 384; *Solomon v. Solomon,* 81 Ala 505; *Bozeman v. Bozeman,* 82 Ala. 389.

DOWDELL, J.—The bill in this case was filed for the purpose of a sale of the land described for division among joint owners. Henry J. Pettus, one of the respondents, filed a plea setting up staleness of demand and lapse of time as a bar to a recovery. A submission was had on the sufficiency of the plea, and from the decree of the chancellor holding the plea sufficient this appeal is prosecuted.

The plea among other things averred in substance, that James E. Saunders, Anatole Rabby, and Antoine Rabby were in possession of all the land in 1861, under claim and color of title to the whole inerest therein, and that they made partition of the land on Jan'y. 7th, 1861, and by a partition deed which purported to convey the entire interest, conveyed to James E. Saunders, in severalty lot 23, the land here in controversy. That the said Saunders immediately went into possession of said land claiming the whole interest therein. The plea also avers that appellee Pettus, by mesne conveyances from Saunders and those claiming under him,

43s

acquired the claim to the whole interest in this lot, and the possession thereof, and has put two thousand dollars worth of improvements on the lot, under his claim of exclusive ownership of the whole interest. The plea also avers that the complainant was never in possession of the land, and that respondent never knew or heard of complainant's alleged claim until the filing of this bill.

The facts alleged in the plea as to the partition, viz: possession under color and claim of title to the whole interest in the land by those making partition, the partition of the land, the making of maps and conveyances in pursuance of the partition, and placing the same upon record, the immediate entry of Saunders under the partition proceedings into exclusive possession, claiming the whole interest therein, we think were sufficient to amount to an actual ouster and disseisin of all persons claiming, at that time, to be tenants in common with Saunders as to lot 23.—*Abercrombie v. Baldwin*, 15 Ala, 369 373; *Walker v. Crawford* 70 Ala. 573, 574; *Fields v. Childs*, 73 Ala. 474.

The statute of limitations began to run from the time of disseisin. Forty years have elapsed since that date—a length of time quite sufficient to raise up every presumption in favor of the respondent's title against the claims of the complainant. In *Black v. Pratt Coal & Coke Co.* 85 Ala. 511, it was said by this court: "There is, however, a presumption that any and all claims or rights of property, which have been permitted to slumber, without assertion or recognition for twenty years, have no legal existence, or have been adjusted." In the case at bar, under the facts stated in the plea, whatever of claim or right the complainant had, the same had been permitted to slumber for a period of forty years, without assertion or recognition. The chancellor was right in sustaining the plea. We deem it unnecessary to cite other authorities in support of the propositions above stated, and content ourselves by referring to brief of appellee's counsel where the cases will be found collated.

Affirmed.