# Alabama Coal & Coke Co. *v.* Gulf Coal & Coke Co.

## *Bill to Establish Title and to Cancel Deed as Cloud.*

(Decided Feb. 2, 1911.   54 South. 685.)

1. *Adverse Possession; Knowledge of Claim.*—Where one, or those under whom he claims, had actual knowledge of the facts, including a knowledge of the conveyance by a former owner to a third person under whom another claimed, he is estopped or barred by the statute of ten and twenty years to establish title to such lands.

2. *Equity; Laches.*—Where a deed was delivered to the grantee's agent for delivery to the grantee upon his payment of the price within a certain time, and the price was not paid, but the deed was placed on record, and about six months later the grantor sold the land to a third person, who did not record his deed until after the original grantee had mortgaged the land, a claimant under the mortgagee was guilty of laches in failing to discover the facts for more than twenty years and was barred from filing a bill to establish title by equitable estoppel.

3. *Same; Effect.*—All claims or rights of property which are not asserted for twenty years are deemed to have no legal existence, and a lapse of twenty years without recognition of right, or admission of liability operates as an absolute rule of repose.

4. *Same; Suit to Establish Title; Equitable Estoppel; Laches.*—A bill to establish title to land which alleges that complainant's predecessors had no notice of facts which gave the bill equity, before or at the time they acquired their right, but which fails to aver that they had none when or before they conveyed their rights, and which does not allege how or when complainant became possessed of the fact which gave the bill equity, is subject to demurrer for laches where the delay was for more than twenty years.

5. *Judgment; Validity; Presumptions.*—Almost any fact essential to support the regularity and validity of decree and of title acquired thereby will, after the lapse of twenty years, be presumed to sustain the proceedings, whether consistent with or contradictory of the record.

6. *Vendor and Purchaser; Bona Fide Purchaser.*—A purchaser at a foreclosure sale, and those claiming under him are not bona fide purchasers and cannot assert an equitable estoppel against one claiming under a third person, where the facts are that a deed was delivered to the grantee agent for delivery to the grantee upon his paying the purchase price within a certain time, but the price was not paid but the deed placed on record, when about six months later the grantor sold the land to a third person who did not have his deed recorded until after the grantee had mortgaged the land, and it was not made to appear whether the mortgagee acquired notice of the fact before he parted with his interest.

[Alabama Coal & Coke Co. v. Gulf Coal & Coke Co.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by the Alabama Coal & Coke Company against the Gulf Coal & Coke Company, to establish title to land by equitable estoppel, and to cancel a deed as cloud upon title. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

See also former report of this case in 165 Ala. 304; 51 South. 570.

SMITH & SMITH, and J. D. ACUFF, for appellant. A purchaser for value has the right to act upon the faith that a deed has been signed, sealed, delivered and acknowledged, if it purports to be in proper form and by proper parties.—*Blight v. Schenck*, 51 Am. Dec. 476; Note to 7 L. R. A. (N. S.) 712; Note 57, 20 A A. & E. Dec. in Eq. 731. Negligent silence may work an estoppel as effectually as express representation.—*Tobias v. Morris & Co.*, 126 Ala. 533. A purchaser from the mortgagor may rely on the presumption of payment arising form the possession of the mortgage.—*Wilkinson v. Solomon*, 83 Ala. 438; *Lindsay v. Cooper*, 94 Ala. 170; Hermann on Estop. p. 712, and sections 978-9. The court of equity has jurisdiction to establish a title to real estate by estoppel.—Hermann on Estop. sec. 965.

W. C. DAVIS and BROOKS & STOUTZ, for appellee. The court properly sustained the 1, 6, 9 and 10th grounds of demurrer.*Gulf C. & C. Co. v. Ala. C. & C. Co.* 145 Ala. 228; s. c. 165 Ala. 304; *Ashford v. Pruitt*, 102 Ala. 276; 11 Am. Rep. 546; 20 Am. Rep. 1; 16 Cyc. 581; 6 A. & E. Enc. of Law, 869; Tiedman on Real Property, sec. 851; *Fuller v. Hollis*, 57 Ala. 437; 31 Cyc. 90, 91, 92. The 7th ground of demurrer was properly sustained.—*Lindsay v. Hooper, supra; Ezzel v. Brown*, 121

Ala. 151; *Elec. L. Co. v. Rust,* 117 Ala. 691; *Clements v. Cox,* 114 Ala. 555. The 8th ground of demurrer was properly sustained.—*G. C. & C. Co. v. A. C. & C. supra;* 16 Cyc. 267; The 11th and 12th counts were properly sustained.—Sec. 543-4, Code 1907.

MAYFIELD, J.—The bill is filed by appellant to establish title to land by an equitable estoppel, and to cancel a deed under which appellee claims title, as a cloud on appellant's title. The facts out of which the estoppel is alleged to arise, such as to defeat appellee's legal title and to decree in appellant the equitable title, are stated as follows by the appellant: "On the 22d of November, 1882, John C. Key executed a deed to said lands and acknowledged the same and left said deed with the purchasing agent of Thomas Peters to be delivered to him when paid for, and if not paid for in 30 or 60 days to be returned to said John C. Key. Said land was not paid for within the time specified, and said deed was never returned to said Key, but was on, to wit, the 25th day of January, 1883, duly filed for record, and recorded on the same day. On the 23rd day of May, 1883, said Thomas Peters, by virtue of his apparent ownership of said land, obtained a loan from Samuel Noble, by executing a mortgage on said land; said mortgage being in form of a deed. Said Noble had no knowledge or notice of the infirmities of the title of said Peters. Said mortgage was duly foreclosed and the register in chancery conveyed said land to T. G. Bush and A. L. Tyler, who were innocent purchasers for value, without any knowledge or notice of any infirmities in the title to said land; and appellant obtained title by purchase from said Bush and Tyler, as innocent purchasers for value. John C. Key had knowledge of the record of said deed, and with such knowledge negligently permitted the said

deed to remain in the possession of said Thomas Peters, and did not require said Thomas Peters to convey the land back to him; but, a few days before said Thomas Peters conveyed said land to said Noble, said Key conveyed the same to Musgrove Bros., who had actual knowledge of the record of said deed from John C. Key to Thomas Peters, and said Musgrove Bros. neglected for a long time to record their deed, and until after said Thomas Peters had conveyed said land to said Noble; and Gulf Coal Company acquired said land with full knowledge of the existence of said deed to Thomas Peters, and also of the deed from him to Samuel Noble; and said John C. Key has not been paid by appellee, or any of its grantors for said land; and that appellee paid Musgrove Bros. therefor with stock in said company, which stock they still have, and is subject to cancellation." Appellant insists that John C. Key was guilty of gross negligence in turning said deed executed by him over to said Hancock, the purchasing agent of said Peters, the grantee; and that he was guilty of additional negligence in not requiring said Thomas Peters to reconvey the said land to him, when he found out that said deed was of record; and that by his negligence he put it in the power of said Thomas Peters to sell said land, or mortgage the same to Samuel Noble for money loaned; and that all the subsequent purchasers of said land have parted with their money on the strength of the evidence of title in Thomas Peters, with which said John C. Key had clothed him; and that by reason of such negligence said John C. Key and his grantees are estopped from saying that said deed from said John C. Key to said Thomas Peters was not delivered, and especially as said land has been purchased by several innocent purchasers, and great length of time has expired. Respondent demurred to the bill, assigning laches

among numerous other grounds. The chancellor sustained the demurrer generally, without assigning any particular ground or reason. From that decree this appeal is prosecuted.

The bill is certainly demurrable for laches if for no other infirmity.

If it was actionable negligence on the part of Key to allow his deed to remain in the hands of Peters for five or six months, and to fail for that length of time to compel Peters to reconvey the land to him, before Key conveyed to Musgrove Bros., such as to forever estop Key, Musgrove Bros., and those who claim through the latter, from asserting their legal title against those who claim through Peters, what must be said of the negligence of Noble and of those claiming under him, in waiting more than a quarter of a century before attempting to assert their equity against those who, all this time, held the legal title to these lands?

If Noble or those under whom he claims had actual knowledge of all these facts, of course they would be barred by the statute of limitations of 10 and 20 years. If they did not have actual knowledge thereof, they were guilty of laches in failing to discover them for more than 20 years.

No actual fraudulent intent is averred; it is only alleged that it was negligence in Key to fail to compel Peters to reconvey to him (Key) before he conveyed to Musgrove Bros.—which status was, at most, a matter of only a few months' duration.

"Whenever ignorance of fact is urged as an excuse for delay, the general doctrines on the subject of knowledge, actual and constructive, may be said to apply. One must have been diligent and have made such inquiry and investigation as the circumstances reasonably permitted or suggested. Means of knowledge of

facts sufficient to suggest inquiries which if made would lead to knowledge of the facts in question is sufficient to charge one with notice of the latter facts. The known facts must, however, point with some directness toward the unknown, although a mere suspicion of the crucial facts may raise a duty to inquire. Equity as well as law charges a party with notice of public statutes, with such knowledge as might be gained by an inspection of the records of land title, where such inspection is required by law, or suggested by ordinary prudence, and with knowledge of facts disclosed by the records of judicial proceedings to which he was party, but not of proceedings to which he was not a party and which did not affect him. As a party is generally charged with the laches of his privies or agents, it follows that knowledge of an ancestor will be imputed to an heir, that of an attorney to his client. The knowledge of others who might have sued but did not may raise the presumption of invalidity against plaintiff in spite of his own ignorance of the transaction. A plaintiff seeking to excuse delay by ignorance of facts must allege such ignorance in his bill, and it is generally held that he must disclose with particularity every element creating the excuse— that the facts could not have been discovered by the exercise of the due diligence, and just when and how the discovery was made. Often, however, the burden of proving knowledge is cast on defendant." 16 Cyc. 171-173.

"Courts of equity, while sometimes bound by and at other times following the analogy of statutes of limitation, also act independently of such statutes, refusing relief to parties who have slept upon their rights or have been negligent in asserting them. Negligence in the prosecution of the suit after its commencement may bar relief. A party himself diligent may be precluded

from relief by the negligence of others, as a grantor, a personal representative by that of the decedent, or joint tenants by that of one of their number." 16 Cyc. 150.

"It is sometimes said that lapse of time will not bar the enforcement of a direct or express trust. This statement is too broad, and trusts form no true exception to the rule. As long as the trust is acknowledged, the right continues, and negligence cannot be imputed under such circumstances. But from the time of the repudiation of the trust the ordinary rules prevail. Suits for relief against fraud also occupy a peculiar position. It has been said that in such cases lapse of time ought not to bar relief, but the modern doctrine is that negligence, and even lapse of time alone, may bar relief from fraud; the question being as to the time from which the delay should be computed. But when fraud is clearly proved the court will look with much more than usual indulgence on any disability under which plaintiff may labor as excusing his delay in asserting his rights." 16 Cyc. 151, 152.

The doctrine of prescription is likewise fatal to relief under this bill.

There is a rule of prescription or a presumption raised from the statute of limitations that any and all claims or right of property which have been permitted to slumber without assertion or recognition for 20 years have no legal existence, or that they have been adjusted. —*Jellerson v. Pettus*, 132 Ala. 674, 32 South. 663; *Black v. Pratt Co.*, 85 Ala. 511, 5 South. 89.

This court has adhered, with uniform tenacity, to the doctrine of prescription, and has repeatedly held that the lapse of 20 years without recognition of right, or admission of liability, operates an absolute rule of repose. —*McArthur v. Carrie*, 32 Ala. 88, 70 Am. Dec. 529, is

the leading case in this state. *Semple v. Glenn,* 91 Ala. 245, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 894.

. The doctrine is broader and more comprehensive than a mere statute of limitations, although based on analogous principles of repose to society.—*Garrett v. Garrett,* 69 Ala. 4429; *McArthur v. Carrie,* 32 Ala. 75, 70 Am. Dec. 529; *Harrison v. Heflin,* 54 Ala. 552; *Greenlees v. Greenlees,* 62 Ala. 330; *Baker v. Prewitt,* 64 Ala. 551; *Matthews v. McDade,* 72 Ala. 377; *Bozeman v. Bozeman,* 82 Ala. 389, 2 South. 732.

In support of the regularity and validity of the decrees, and of the title acquired thereby, almost any fact essential to that end, and certainly any fact necessary to supply the defects pointed out, whether consistent with or contradictory of the record, will after the lapse of twenty years, be presumed to sustain the validity of the proceeding.—*Barnett v. Tarrence,* 23 Ala. 463; *Gantt v. Phillips,* 23 Ala. 275; *McArthur v. Carrie,* 32 Ala. 75, 70 Am. Dec. 529; *Matthews v. McDade,* 72 Ala. 377; *Duncan v. Williams,* 89 Ala. 3441, 7 South. 416.

While the bill avers that Noble had no notice of the facts which are claimed to give the bill equity, at the time he purchased or lent money on the faith of Peters' title, it does not aver that he, or those who have claimed through him, did not have such notice before he or they parted with Noble's claim or right. If Noble acquired such notice before he died, or his representatives subsequently acquired such notice before they parted with their interest or claim, it was their duty to file this bill then, and not wait for their successors and future generations to file it.

And so as to each of the succeeding purchasers through whom complainant claims title. The bill alleges that they had no notice or knowledge of the facts which gave the bill equity, before or at the time they ac-

quired their rights; but it does not aver that they had none when or before they conveyed, or parted with, their rights. Nor does the bill allege or attempt to allege how or when complainant was possessed of the knowledge or notice of the facts which gave the bill equity. This much was certainly necessary to save the bill from demurrer on account of laches.

The Supreme Court of the United States, speaking to this question, through Justice Brewer, quoted from Justice Story, the great judge and law writer, as follows: "General allegations that there has been fraud, or mistake, or concealment, or misrepresentation, are too loose for purposes of this sort. The charges must be reasonable, definite, and certain as to time, and occasion, and subject-matter. And especially must there be distinct averments of the time when the fraud, mistake, concealment, or misrepresentation was discovered, and how discovered, and what the discovery is; so that the court may clearly see whether, by the exercise of ordinary diligence, the discovery might not have been before made. For, if by such diligence the discovery might have been before made, the bill has no foundation on which it can stand in equity, on account of the laches. * * * But the bill does not state what particular discoveries have been obtained, or when they were obtained, or by what inquiries, or in what manner, or at what time."—*Stearns v. Page*, 1 Story, 204, 215, 217, Fed. Cas. No. 13,339; *Hardt v. Heidweyer*, 152 U. S. 559, 14 Sup. Ct. 671, 38 L. Ed. 548.

Moreover, the majority of the court, including the writer, are of the opinion that the complainant and those under whom it claims are not bona fide purchasers in such sense that they can assert the alleged equitable estoppel attempted in this case, and that the decree of the chancellor could well be affirmed on the au-

[Jackson v. Grisham, et al.]

thority of the case between these same parties, reported in 145 Ala. 228, 40 South. 397, and SIMPSON, J., desires to put his concurrence in the conclusion upon the authority of this case; and ANDERSON, J., while not dissenting from what is said in the opinion in this case, prefers to base his concurrence in the conclusion upon the same case. MCCLELLAN, J., concurs in the result only.

Affirmed. All the Justices concur in the affirmance.