(80 South. 82)

SCOTT v. SCOTT et al. (7 Div. 946.)

(Supreme Court of Alabama. June 20, 1918. Rehearing Denied Nov. 14, 1918.)

1. MORTGAGES ⊕⇒425—TRUST DEEDS—FORECLOSURE—LACHES.

Foreclosure of mortgage after 31 years, during which the mortgagors and the trustee had died, held properly denied on the ground of staleness of demand, laches, and the statute of limitations.

2. EQUITY ⊕⇒87(1)—PRESCRIPTION—PRESUMPTIONS.

There is a rule of prescription or a presumption raised from the statute of limitations that any and all claims or rights of property which have been permitted to slumber without assertion or recognition for 20 years have no legal existence, or that they have been adjusted.

3. EQUITY ⊕⇒87(1)—LACHES.

As a matter of public policy, antiquated demands will not be considered by the courts, and, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into.

4. PLEADING ⊕⇒34(3)—CONSTRUCTION—PRESUMPTIONS.

Courts will not presume that parties have a better case or a better defense than that which they state in their pleadings.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by Mary A. Scott against W. H. Scott and others. Decree sustaining demurrer to the bill, and plaintiff appeals. Affirmed.

Charles F. Douglass, of Anniston, for appellant.

Willet, Willet & Walker, of Anniston, for appellees.

MAYFIELD, J. Appellant filed her bill to foreclose a deed of trust. The bill was filed 31 years after the mortgage was executed. The mortgagors and the trustee were all dead before the bill was filed. Whether the original beneficiaries are dead does not appear. The complainant acquired no interest in the deed of trust until 13 years after its execution, nor until after the death of one of the grantors and her marriage to the other. She took no steps to collect the debt secured, or to foreclose the deed of trust, for 18 years,

nor until after the death of her husband, the other grantor. No reason is shown for the delay, except the relation existing between her and the living grantor, her husband, and her relationship of stepmother to the heirs of the other grantor, who was the mother of appellees and the first wife of complainant's husband.

Demurrer was interposed to the bill, and was sustained. The bill was repeatedly amended, and to each amended bill the demurrer was interposed, and sustained; and from the last decree the complainant prosecutes this appeal.

The main grounds of demurrer were: Staleness of demand, laches, statute of limitations, and the rule of prescription, which barred any relief under the bill.

[1] We hold that the trial court ruled correctly.

There is shown no reason for this long delay. The respondents—some of them—were shown to have been infants and to have had no power to ratify or authorize any act of their father which would defeat their inheritance from the estate of their mother. We do not mean to intimate that the bill would be sufficient in these averments, if all the respondents had been adults during all the delay. No overt act on the part of any of them is alleged, which recognized the existence of any indebtedness, or of any lien on their lands, by virtue of the deed of trust, or which excused the long delay of more than thirty years in foreclosing this deed of trust.

There are alleged no facts to rebut the presumption of payment after the lapse of more than 20 years.

[2] There is a rule of prescription or a presumption raised from the statute of limitations that any and all claims or rights of property which have been permitted to slumber without assertion or recognition for 20 years have no legal existence, or that they have been adjusted. Jellerson v. Pettus, 132 Ala. 674, 32 South. 663; Black v. Pratt Coal & Coke Co., 85 Ala. 511, 5 South. 89; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 550, 54 South. 685.

This court has adhered, with uniform tenacity, to the doctrine of prescription, and has repeatedly held that the lapse of 20 years without recognition of right, or admission of liability operates an absolute rule of repose. McArthur v. Carrie's Adm'r, 32 Ala. 88, 70 Am. Dec. 529; Semple v. Glenn, 91 Ala. 245, 6 South. 46, 9 South. 265, 24 Am. St. Rep.

894; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 550, 54 South. 685.

The doctrine is broader and more comprehensive than a mere statute of limitations, although based on analogous principles of repose to society. Garrett v. Garrett, 69 Ala. 429; McArthur v. Carrie's Adm'r, 32 Ala. 75, 70 Am. Dec. 529; Harrison v. Heflin, 54 Ala. 552; Greenlees v. Greenlees, 62 Ala. 330; Baker v. Prewitt, 64 Ala. 551; Matthews v. McDade, 72 Ala. 377; Bozeman v. Bozeman, 82 Ala. 389, 2 South. 732; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 551, 54 South. 685.

[3] As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, and settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions.

This court has applied this principle, even where the 20 years have not elapsed; but from other circumstances, such as the death of parties, etc., it is deemed inequitable to open up the transactions. Rives v. Morris, 108 Ala. 527, 18 South. 743; Salmon v. Wynn, 153 Ala. 538, 45 South. 133, 15 Ann. Cas. 478.

These and other cases also hold that, where the facts appear upon the face of the bill, this defense may be presented by demurrer. Whetstone's Case, 75 Ala. 495, is not contrary to the foregoing cases.

[4] Courts will not presume that parties have a better case or a better defense than that which they state in their pleadings. The pleader must know how to allege, how to admit, and how to deny. Pleadings are the servitors of the court. They pertain to public matters. If they are not clear and certain, they are useless; they should not be so indefinite or uncertain as to be made instruments of chicanery, surprise, or fraud.

There is no error, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.