(118 So. 379)

**HARRIS et al. v. McCARTY.** (6 Div. 117.)

Supreme Court of Alabama. Oct. 18, 1928.

C. C. & M. NeSmith and Beddow & Ray, all of Birmingham, for appellants.

Aird & Aird, of Birmingham, for appellee.

BOULDIN, J. The bill was filed by the purchasers for the specific performance of an executory contract to convey lands. On former appeal the bill was held good against demurrer. McCarty v. Harris, 216 Ala. 265, 113 So. 233. On final hearing upon pleadings and proof, complainants were granted relief. They appeal to review certain parts of the decree fixing the terms and conditions of specific performance.

For convenience we again quote the provisions of the contract relating to the consideration, terms, and means of payment:

"The purchase price is to be $8,000.00 payable as follows: $100.00 as earnest money and part payment of said purchase price, receipt of which is hereby acknowledged, and the remainder of said purchase payable as follows: $2,900.00 cash when deal is closed, balance payable at the rate of $50.00 per month with interest figured in. The seller agrees to let purchaser put a first mortgage on the above-described real estate. The above-mentioned $2,900.00 cash to be paid out of proceeds of said first mortgage."

The trial court in his decree limited the amount of the first mortgage which the

purchaser could place upon the property to $3,000. Appellants insist they were entitled to make a first mortgage to the full mortgage value, $5,000 or more. On the former appeal the uncertainty as to the amount of the mortgage authorized by the contract was held not such as to defeat specific performance. Under the contract, $3,000 was to be paid when the deal was closed. Of this amount only $100, earnest money, was to be paid in advance from the purchasers' own resources. The other $2,900 could be raised by first mortgage on the property, leaving $5,000 in different installments secured only by a subordinated security on the same property. The more reasonable interpretation of the contract is that the power to mortgage was for the sole purpose of raising this $2,900.

Moreover, a well-established rule of specific performance is that it may be denied if the terms of the contract are inequitable or oppressive. By the same rule, when the court comes to decree specific performance of a contract containing subsidiary provisions uncertain in meaning, the court may so construe and limit them as to prevent inequality and unfairness. Stated differently, relief may be conditioned upon such interpretation as will not work injustice.

Equity raises an implied lien on real estate for the purchase money that the purchaser may not get that for which he has not paid. The same equitable principle would forbid a mortgage realizing a large cash benefit to the purchaser at the expense of the vendor's security. In the absence of clear intent to waive or subordinate the vendor's lien in such manner, a contract will not be so construed as between the parties. We find no error in the court's decree in this regard.

Appellants, the purchasers, complain that no decree was rendered in their favor for rents received by the seller during the interim of some 13 months prior to the decree, or the excess of rents over the interest on $2,900. By the decree the entire unpaid purchase money of $7,900 was made to bear interest from the date of the decree, not from the date the contract was to be closed. Manifestly, no equity required the contract to be specifically enforced in favor of the purchasers as of the earlier date, and as to the seller of the later date. The contract called for interest on the deferred installments of $50 each to "be figured in." By the decree they were to be made for $50 each with interest from date, the date of the decree. This worked no injury to the purchasers. If, perchance, any of the notes should not be paid promptly at maturity, this variance would work a favor to the purchasers.

The court of equity has full power to enforce the decree of specific performance against the seller upon compliance of the purchasers with the terms of the decree. Indeed, the basis of equity jurisdiction for specific performance is the more adequate relief in giving the purchaser what he bargained for, rather than leaving him to his action for damages for breach of contract. Hence there was no occasion for a decree in the alternative awarding damages for the difference between the purchase price and the proven value of the property in case the seller failed to comply with the decree.

This court has no jurisdiction to review a decree appearing in the record, but rendered after the appeal was taken, and from which no appeal was prosecuted. Assignments of error thereon must be disregarded.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.