(124 So. 874)

**SALVO v. COURSEY et al.** (7 Div. 890.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Rutherford Lapsley, of Anniston, for appellant.

Knox, Acker, Sterne & Liles and Merrill & Jones, all of Anniston, for appellees.

THOMAS, J. The suit was to enforce vendor's lien, and the decree was for respondents.

Respondents' pleading and evidence presented the defenses of laches and noncompliance with the terms of the contract of sale.

In 1904 appellant owned a tract of land upon which there was an unfinished dwelling. He sold to Mallory, now deceased, and, when delivery of deed was made, the house was not finished. Mallory retained $300 which was to be paid when Salvo completed the house and paid for all material and labor. The recital in the contract or bill of sale stipulates that, in addition to completing the house, vendor must pay for all labor and material used in and upon said house, and that in the deed was to the effect that grantee was to pay the $300 "on the completion of the house now being constructed on the land * * * clear and free of mechanics' liens." Both deed and conditional due bill are of the date of December 19, 1904.

After the death of Mallory, his version of the extent, nature, and conditions of compliance with the contract, and as affecting the due date of the due bill or vendor's lien, are procurable only by inference from the evidence by other witnesses and statements in nature of admission by complainant.

The evidence has been carefully examined, and there are tendencies therefrom that vendee was compelled to furnish and expend substantial amount of labor and material to complete that structure; that Salvo failed to fully execute the contract or admitted failure; that Mallory maintained that there was such failure; that Salvo on one occasion mentioned payment and Mallory accused him of default, and thereafter in their many conferences never again mentioned the matter of payment to Mallory.

There are tendencies of respondents' evidence or admissions that Mallory furnished some material and labor, claimed the price of paper and cloth furnished by Mallory, and claimed one "thing and another," and stated he was going to hold out that sum until the vendor "painted it," and said it was not painted and hence "the house wasn't complete." Salvo made no claim that he painted the exterior as it should have been, and swore that he painted the interior. This fact was denied by witness Martin. This witness also states that when the house was first sold it was about two-thirds completed, was not papered, when Salvo ceased his labors thereon through the help of said Martin; that there was controversy or different insistences between vendor and vendee as to what the oral contract required for completion of that structure. Witness further stated that after some months he found several workmen placed there by Mallory, hanging paper, building steps, etc., and that thereupon Salvo instructed Martin that it was unnecessary to do further work, as Mallory had provided the material and work on the steps. The witness further stated that there was refusal on the part of Mallory to take the paper Salvo sought to provide, and that the refusal was because it was of an inferior grade.

Witness Haynes owned and occupied the place from 1910 to 1920, and declared that the building was never properly completed; that the carpenter's work was fairly well done, "painting was very shabby, being only one coat," and that the insistence under the contract was that it was to be given two coats.

There are conflicting tendencies of evidence as to whether Salvo was prevented in the completion of the house by Mallory, and Martin, who said he quit the work, and that Salvo did nothing for several months when he came and found Mallory had three workmen doing the necessary things to its completion or making it habitable under their contract. The evidence of Salvo contains contradictory tendencies of evidence (Jones v. Bell, 201 Ala. 336, 77 So. 998) as to the important question of demand on Mallory "for that money."

Salvo did not seek by law to enforce his claim until February 27, 1920. During this period of delay Mallory died; the painter who complained of failure of Salvo to furnish necessary paint died in 1919; the books or vouchers of Mallory or his estate were lost or discarded. Salvo knew of Mallory's death and did not present claim; knew of the subsequent changes of ownership and made no demand for payment.

A witness Nance testified that Salvo made the statement that it would cost about as much to complete the house as was evidenced by the due bill, and Salvo made no denial of this statement by Nance. Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837.

■■ The rule of laches is well understood. It precludes relief where, as the result of delay, the original transactions have become so obscure by the lapse of time or loss of evidence as to render it difficult or hazardous to do justice or danger of doing injustice. Rives v. Morris, 108 Ala. 527, 18 So. 743; Patterson v. Weaver, 216 Ala. 686, 688, 114 So. 301; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Veitch v. Woodward Co., 200 Ala. 358, 363, 76 So. 124; Sims v. Riggins, 201 Ala. 99, 77 So. 393; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Heflin's Case, 208 Ala. 69, 74, 93 So. 719; Meeks v. Miller, 214 Ala. 684, 686, 108 So. 864; Hauser v. Foley & Co.,

190 Ala. 437, 67 So. 252; Austin v. Edwards, 201 Ala. 532, 78 So. 886; Scott v. Scott, 202 Ala. 244, 80 So. 82; Sweeney v. Sweeney, 210 Ala. 593, 98 So. 883; Hope of Ala. Lodge v. Chambless, 212 Ala. 444, 448, 103 So. 54; Moore v. Moore, 212 Ala. 685, 103 So. 892; Salmon v. Wynn, 153 Ala. 538, 45 So. 133, 15 Ann. Cas. 478; Ponder v. Cheeves, 90 Ala. 117, 7 So. 512. This rule has application where the matter is not pressed until after the death of adverse party or material witness, or loss or destruction of the evidence that could have explained or denied the contentions made by adverse interest. Salmon v. Wynn; Rives v. Morris, supra. The rule has been applied in the enforcement of mortgages. Scott v. Scott. 202 Ala. 244, 80 So. 82; Metropolitan Nat. Bank v. St. Louis Despatch Co., 149 U. S. 436, 13 S. Ct. 944, 37 L. Ed. 799. See 1 Pom. Eq. Jur. § 418; McKnight v. Taylor, 1 How. 168, 11 L. Ed. 86. This is not an application of de minimis lex non curat; it is that of the due date of balance of purchase money and of a stated demand. A stale claim is not relieved by passing from hand to hand. Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393.

■■ It will likewise be applied in this effort to enforce a vendor's lien, where highly controversional questions of the extent and execution of the building contract had arisen between Mallory and Salvo. Neither of the writings in evidence sets out the full terms of the agreement for completion of the building or that of the contract of sale. Parol evidence was therefore admissible. Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308, and authorities; Means v. Blanks, 203 Ala. 479, 84 So. 741; Sayre v. Wilson, 86 Ala. 151, 5 So. 157. Had the suit been brought during the life of Mallory, his version of the nature and extent of the agreement for completion of the house would have been available. Salvo's long delay prevented this. He had consulted an attorney and did not duly and timely press his claim in the courts. This is the second appeal and upon the facts; the first appeal was on demurrer. 205 Ala. 280, 87 So. 519.

Affirmed.

SAYRE, BROWN, and FOSTER, JJ., concur.