(135 So. 445)

**DRIVER et al. v. BARNES.**

4 Div. 530.

Supreme Court of Alabama.

May 28, 1931.

Rehearing Denied June 25, 1931.

E. C. Boswell, of Geneva, for appellants.

A. Whaley, of Andalusia, for appellee.

BROWN, J.

The appellant, E. C. Driver, purchased the lands described in the bill from the complainant, agreeing to pay $3,000 cash therefor upon the delivery of the deed. The deed was executed by the complainant and her husband, and, according to the testimony of the complainant, was left with Miss Kate Johnson, the bookkeeper of the First National Bank of Florala, who prepared the deed and took the acknowledgments, to be delivered when Driver paid into the bank the purchase money.

The testimony of Miss Johnson goes to show that the deed was not left in her keeping, but was left on her desk where it was executed, and she testifies that she did not deliver it to Driver.

However, the testimony is without dispute that Driver obtained possession of the deed without paying the purchase money, or any part thereof; that he had it recorded and subsequently demanded of some of the tenants in possession that they pay the rent to him. The evidence further shows that Driver thereafter executed a mortgage on the property to the appellant, J. L. Warren, to secure a pre-existing debt.

The bill as last amended seeks to declare and enforce a vendor's lien on the property for the purchase money, and to have such lien declared superior to Warren's mortgage, and, in the alternative, to have the deed declared a mortgage and that complainant be allowed to redeem therefrom.

Warren suffered a decree pro confesso, the respondent Driver submitted no testimony, and the case was submitted for final decree on the decree pro confesso against Warren and the testimony taken orally in the presence of the court by the complainant. The complainant was granted relief according to the first alternative of her bill.

Appellants' first contention is that the evidence shows without dispute that the deed was never delivered, and, in the absence of a delivery of the deed which passed the title to Driver, a vendor's lien cannot exist.

A vendor's lien is not created by an express or specific agreement between the parties, but it is a creature of a court of equity, on the principle that it is unconscionable for one to get and keep the estate of another without paying the agreed purchase price therefor. Bankhead v. Owen, 60 Ala. 457; Williams v. McCarty, 74 Ala. 295; Sims v. National Commercial Bank, 73 Ala. 248; Wilkinson v. May, 69 Ala. 33; Stabler, Adm'r, v. Spencer, 64 Ala. 496; Flinn v. Barber, 61 Ala. 530; Terry v. Keaton, 58 Ala. 667.

The respondent Driver having obtained the deed, had it recorded, and otherwise exercised acts of ownership over the property, is in no position to assert that the deed was not delivered.

Another contention is that the First National Bank of Florala was a necessary party to this suit, because, as appellants contend, Driver assumed the payment of an indebtedness due by the complainant to the bank in part payment of the purchase money and in discharge of a mortgage on the property.

We are not of opinion that the evidence sustains this contention, but, to the contrary, the evidence goes to show that the entire purchase money was to be paid to the bank for

the credit of the complainant, and the bank was to satisfy its debt therefrom, and credit the balance to the account of complainant. Nor does it appear that the bank had a mortgage on the property in question.

The circuit court ascertained the amount of the debt, with interest thereon for three years, to be $3,720. Appellants' contention that the amount ascertained to be due was excessive is without merit, and cannot be sustained. The demurrers to the bill as last amended were not well taken, and were overruled without error.

We find no error in the record, and the decree is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.