140 So. 350

## THORNTON et al. v. LINDSEY.
### 7 Div. 73.

Supreme Court of Alabama.
March 10, 1932.

Culli, Hunt & Culli, of Gadsen, for appellants.

Goodhue & Lusk, of Gadsen, for appellee.

GARDNER, J.

The rule is here well established that the taking of personal security for the purchase price of land is prima facie a waiver of the vendor's lien. Foster v. Trustees 'of Athenaeum 3 Ala. 302; Kinney v. Ensminger, 94 Ala. 536, 10 So. 143; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363. But the question is one of intention, and subject to rebuttal. Donegan's Adm'r v. Hentz, 70 Ala. 437.

In the instant case the prima facie case of waiver by the acceptance of the vendee's

note, with surety thereon, is rebutted by the express language of paragraph 5 of the bill to the effect that the deed recited the unpaid portion of the purchase price was secured by a vendor's lien. If the deed so reads, as alleged, clearly the prima facie case of waiver is overcome. Authorities, supra.

This is averred as a fact, and not subject to the objection that it is but the conclusion of the pleader. Orendorff v. Tallman, 90 Ala. 441, 7 So. 821; Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; American Book Co. v. State, 216 Ala. 367, 113 So. 592.

The demurrer to the bill was properly overruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.