173 So. 500

**LINDSEY v. THORNTON et al.**
**7 Div. 417.**

Supreme Court of Alabama.
March 11, 1937.

Rehearing Denied April 15, 1937.

Culli, Culli & Swann, of Gadsden, for appellees.

Goodhue & Lusk, of Gadsden, for appellant.

BOULDIN, Justice.

Bill to enforce vendor's lien on real estate.

The chief defenses were waiver of the lien and laches.

December 23, 1918, Peter Shortnacy sold and conveyed to John Thornton a tract of land in Etowah county. The consideration was $4,000, $2,000 paid cash, and $2,000 evidenced by two promissory notes for

$1,000 each, dated December 23, 1918, one due January 1, 1920, and the other January 1, 1921, with interest at 8 per cent. from date. These notes were payable to the vendor, Peter Shortnacy, and signed by the vendee, John Thornton, and R. L. Lindsey, a surety.

On the same date the notes were executed, they were both assigned by the payee to J. A. McCluney. The written assignment on the back of each note contained this clause: "together with all right, title and interest I have in the land for which this note was given as part of the purchase price."

The deed executed contemporaneous with the notes recited: " * * * in consideration of the sum of Four Thousand ($4,000.00) Dollars, that is to say Two Thousand ($2,000.00) Dollars cash and One Thousand ($1,000.00) Dollars due January first 1920, and one other note of One Thousand ($1,000.00) Dollars due January first 1921, each note to bear interest at eight per cent (8%) per annum from date, to him hand paid by the party of the second part, the receipt whereof is hereby acknowledged, doth hereby grant, bargain, sell and convey," etc.

On January 5, 1920, R. L. Lindsey, the surety, paid these notes to J. A. McCluney by check on a bank, took up the notes, and held them until this suit was filed by said Lindsey to enforce a vendor's lien, in April, 1931.

 The vendor's lien is a creature of equity, based on a principle of natural justice; namely, that no one should take the lands of another without payment of the consideration therefor. No evidence of an intent to reserve such lien is required. Unless intentionally waived, it arises as matter of equitable right. The burden is on the purchaser to show the lien has been intentionally waived by consent of the parties. This intention may be express or implied from all the circumstances of the particular case. If the circumstances leave the question in doubt, that is to say, do not show an affirmative intent to waive the lien to the reasonable satisfaction of the court, the lien must be held to attach. Campbell et al. v. Goldthwaite, 189 Ala. 1, 66 So. 483; Tedder v. Steele, 70 Ala. 347; Carver v. Eads, 65 Ala. 190; Dixie Industrial Co. et al. v. Benson, 202 Ala. 149, 79 So. 615; Harris et al. v. McCarty, 218 Ala. 195, 118 So. 379; Driver et al. v.

Barnes, 223 Ala. 315, 135 So. 445; 19 Alabama Digest, Vendor and Purchaser, p. 232, ⊜254.

 The giving of other security, like a surety on the purchase-money notes of the vendee, is evidence of waiver; raises a prima facie presumption of waiver. Thornton et al. v. Lindsey, 224 Ala. 293, 140 So. 350; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; 19 Alabama Digest, Vendor and Purchaser, p. 248, ⊜266(8).

This presumption is by no means conclusive. Clearly a surety on the note may be taken as further security. Such fact merely makes a prima facie case of intent to waive the lien; raises a presumption to be rebutted by any fact which negatives such intent.

 Accordingly, if the fact that the note is given for the purchase money of designated land is written into the note, the intent to waive because of the presence of a surety thereon is overcome and the lien stands. Spears v. Taylor et al., 149 Ala. 180, 42 So. 1016, 13 Ann.Cas. 867; Tedder v. Steele, supra; Chapman et al. v. Peebles, 84 Ala. 283, 4 So. 273; Hammett et al. v. Stricklin, 99 Ala. 616, 13 So. 573; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756; Hood, Adm'r, et al. v. Hammond, 128 Ala. 569, 30 So. 540, 86 Am.St.Rep. 159.

Is the writing of the same matter into the face of the deed a part of the same transaction, to be accorded a like effect?

 It is fully settled that recitals in the deed disclosing deferred payments on the purchase money are notice of the vendor's lien to any and all persons acquiring title from the vendee. This is true whether the deed be recorded or not, since purchasers and mortgagees are chargeable with notice of what appears in the chain of title of the vendor or mortgagor. Folmar v. Beall et al., 204 Ala. 298, 85 So. 540; Shorter v. Frazer, 64 Ala. 74; Overall et al. v. Taylor, 99 Ala. 12, 11 So. 738.

When such deed is recorded, it beclouds the record title of the vendee. This should not be, if in fact the vendor's lien was waived, and there is no occasion for such recitals in the deed.

 Since the deed carries such notice, the careful draftsman, as a rule, inserts such recitals in the deed, rather than the notes, as a protection to the vendor in re-

spect to his vendor's lien, no purchase-money mortgage being taken. We are of opinion the recitals in the deed in the instant case were sufficient to overcome the prima facie presumption arising from the presence of a surety on the notes.

■ Since the entire doctrine is based on natural justice, prevention of the acquirement of the property of another without paying for it, no strong presumption should be indulged which leads to passing\ the risk of loss from the vendor to the mere surety, a friend, who without benefit to himself comes to the aid of his neighbor. The parties, at the time of the transaction, are presumed to know the right of subrogation in favor of the surety in case he pays the debt. An intent that the principal shall take the property free from a lien inuring to him is not to be strongly indulged.

In some cases the presumption of a retention of the lien by the recitals in the note is overcome by evidence that the purchaser is buying for resale, and other security is taken in lieu of the vendor's lien, that the vendee may convey an unencumbered title. Jacobs v. Goodwater Graphite Co., supra.

■ In the instant case, the notes were transferred to a third party on the same day they were given, indicating a sale of the notes was in mind at the time they were taken. This circumstance, in connection with recitals in the assignment above-quoted, may be looked to as persuasive that a surety was obtained by way of additional security. But we deem the recitals in the deed sufficient to overcome any presumption of waiver by the appearance of a surety on the notes.

■ A bill to enforce a vendor's lien is not barred by the statute of limitations governing actions at law on the notes; nor by the ten-year statute of limitations barring actions for recovery of lands. The possession of the vendee is not adverse as against the vendor's lien. On the contrary, his possession is that contemplated by the transaction, the beneficial enjoyment of the land for which he incurred the debt.

The rule of prescription applies.

■ In the absence of special circumstances shortening the period, it is fixed at twenty years. Beall et al. v. Folmar, 199 Ala. 596, 75 So. 172; Ware et al. v. Curry, 67 Ala. 274; Shorter v. Frazer, supra; Hood, Adm'r, et al. v. Hammond, supra.

The second note matured January 1, 1921. The suit was begun April, 1931.

It appears that Lindsey and Thornton were neighbors residing on adjoining farms. The evidence reasonably shows that Thornton asked for time, and made one payment by turning over three bales of cotton in 1927.

The main reliance is upon the doctrine of laches, or stale demand, because of long lapse of time, death of parties, and consequent loss of evidence, rendering it impracticable to ascertain the facts and to do justice.

■ It does appear that Thornton died in 1929; that the vendor, Peter Shortnacy, his wife, Dicey, Mr. Standifer, the attorney who represented some of the parties at the time of the transaction, and J. A. McCluney, the transferee of the notes, were all dead when the suit was begun. Mrs. McCluney is living, was examined as a witness, and disclosed quite full and clear knowledge of the fact that Lindsey did pay off and take up the notes as averred. In 1934 complainant Lindsey died, and the suit proceeded between the members of the families of Lindsey and Thornton. The wife and son of Lindsey were examined prior to the death of Lindsey, and were not incompetent by reason of interest. We see no ground to support a contention that the notes were taken up with Thornton's money, or otherwise wrongfully taken over by Lindsey and held to await the death of witnesses having knowledge of facts opposed to his claim. It appears that in 1925, about the time some effort was being made to get a payment on these notes, they were filed for record and recorded in the office of the judge of probate. Whether subject to recording statutes or not, this fact does not comport with concealment for fraudulent purposes.

■ On a full consideration of the record we conclude the doctrine of laches or stale demand should not be applied in bar of this suit. Hobson v. Wilson, 197 Ala. 649, 73 So. 332; Salvo v. Coursey et al., 220 Ala. 300, 124 So. 874; Rives v. Morris et al., 108 Ala. 527, 18 So. 743; Patterson v. Weaver et al., 216 Ala. 686, 114 So. 301; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; DeGraffenried v. Breitling, 192 Ala. 254, 68 So. 265; Veitch et al. v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Corley v. Vizard et al., 203 Ala. 564, 84 So. 299; Sims et al. v. Riggins et al.,

201 Ala. 99, 77 So. 393; Heflin v. Heflin, 208 Ala. 69, 74, 93 So. 719.

There is no question of departure from the original cause of action, in that the original bill averred an express reservation of a lien in the deed (Thornton et al. v. Lindsey, supra), while the amended bill relied upon an implied lien.

Neither do we consider the theory that the deed was defective for want of sufficient witnesses, the vendor having signed by mark, and hence the conveyance should be treated as a contract to convey, wherein the legal title is retained as security. Eliminating such contention, the bill sufficiently discloses an implied vendor's lien.

The chief question of doubt and difficulty is the ascertainment of the balance due on said indebtedness.

The decree denying relief is reversed and the cause remanded, with direction that either party be permitted to take further testimony on the issue of payment on a reference or as otherwise directed by the trial court.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.