BRADLEY, Judge.
This is a divorce case.
The parties to this appeal were divorced the first time in September 1981. They remarried in March 1982 and were separated in May 1982. The wife filed for a divorce in September 1982 and the parties were divorced again in May 1983.
In the 1983 decree the court awarded the wife custody of the two minor children and gave her $250 per month as child support and alimony, with the $250 to be treated as alimony after the youngest child reaches majority. The court also awarded the wife $2,000 as a property settlement; gave her an automobile and various pieces of household furniture and furnishings.
After the husband’s motion for a new trial was overruled, he appealed to this court. On appeal the husband urges reversal of the decree because (1) the $2,000 given to the wife as a property settlement was improper because the only property available for distribution was a house the husband was buying on a conditional sales contract, and (2) the trial court erred in awarding the wife $250 as alimony when no such relief was requested or proved.
The husband argues that the only property available for distribution as a property settlement is a house he is buying on a conditional sales contract. He says he does not have legal title to it and, therefore, the court had no authority to settle the interests, if any, therein.
According to the husband he has a written contract to buy a house for $19,000. He traded a mobile home to the seller, which is mortgaged to Central Bank, as a down payment. He owes a little over $2,000 on the note on the mobile home and about $7,000 on the house. When the note on the mobile home is paid and the balance due on the house is paid, the husband will receive title to the house.
*869 Based on these facts we find that the husband had such an interest in the house that would authorize the trial court to make a property settlement between the husband and wife. See Qualls v. Union Central Life Insurance Co., 242 Ala. 619, 7 So.2d 558 (1942); Harris v. McCarty, 218 Ala. 195, 118 So. 379 (1928).
The husband’s other contention is that the trial court erred in awarding the wife alimony when she did not request it.
Although the wife did not specifically request alimony in her complaint, she did ask for one-half of her husband’s monthly military retirement pay in her amended complaint. It should be further noted that the wife in her original complaint asked for “such other relief [as] may seem just and proper.” Implicit in such request is whether the evidence would support an award of additional relief.
The evidence does show that alimony was an issue before the trial court and was presented to the court without objection. Under these circumstances the complaint is deemed amended to conform to the proof. Rules 15(b) and 54(c), Alabama Rules of Civil Procedure.
We said in Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (Ala.Civ.App.1975), that:
“The parties presented extensive evidence of the financial condition of the parties, particularly of the defendant. The issues presented by the proof were clearly related to alimony ..., though there was no specific evidence of the requirements of the plaintiff ... for alimony .... We find sufficient inferential evidence to support the award of the court.”
Likewise, in the case at bar, there was evidence of the length of the marriage, number of children, health of the parties, relative financial situations of the parties, and their prospects for the future. Moreover, counsel for husband stated during the trial that the husband was asking the court to determine the wife’s right to alimony under the terms of the second marriage.
Also, in his motion for new trial, the husband did not question the alleged failure of the wife to request alimony; he questioned only the award of alimony to her. We find no error in this aspect of the trial court’s decree.
The wife’s request for damages for a frivolous appeal is denied. However, the wife’s request for an award of attorney’s fee on appeal is granted in the amount of $350.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.